Tygret, &c v. Potter & Co.                    .

CASE 11—PETITION EQUITY—MARCH 7.

# Tygret, &c v. Potter.& Co.

APPEAL FROM WARREN CIRCUIT COURT.

1. CONDITIONAL SALES —MORTGAGE.—Where a mortgagor being un-
able to pay the mortgage debt executed to the mortgagee an ab-
solute conveyance of the mortgaged land, the mortgagee surrend-
ering the evidence of his debt and executing to the mortgagor a.
writing agreeing to re-convey to him the land if he should pay the
debt within twelve months, these writings must be regarded as
evidencing a conditional sale and not a new mortgage, and the
debtor failing to pay the debt within the time allowed the abso-
lute fee to the land passed to the creditor.   While a conveyance
of this character in case of doubt is to be construed as a mort-
gage, there is no doubt in this case that a conditional sale was
intended.   ·

2. PAYMENT OF USURY—LIMITATION.—As the conveyance discharged
the debt any usury embraced in the debt was then paid, and the
right to recover the usury is barred by limitation, more than one
year having elapsed.   ,

H. T. CLARK FOR APPELLANTS.   ·

1. The deed and defeasance exeçuted in October, 1889, are to be re-
garded as one paper; and when so considered they constitute a
mortgage.   (Jones on Mortgages, vol. 1, sec. 250; 4 Wait's Actions
and Defenses, p. 517, 519; 3 J. J. Mar., 85; 6 Ky. Law Rep., 366;·
Maxwell on Code Pleading, 536; 88 Ky., 199; 8 Bush, 687; 9 Ky.
Law Rep., 714, 856.)

2. In all doubtful cases the chancellor will lean to the mortgagor..
(Skinner v. Miller, 5 Litt., 84.)

3. Courts of equity will look to the substance of a conveyance.   (9·
Wheaton, 489.)     .

4. Surrender of the right to redeem will be scrutinized.   (Russell v.
Southard, 12 How., 139; Jones on ·Mortgages, vol. 1, p. 181, sec.
250.)

5. As long as the debt exists the debtor can have the usury taken out.
(Ellis v. Brannin, 1 Duv., 49; Rudd v. Planter's Bank, 78 Ky., 513;
Neal v. Rouse, 14 Ky. Law Rep.. 126.)
    There was not a novation.   (Smith v. Young, 11 Bush, 397;·
Barlow v. Bond, 3 Dana, 595; 2 B. Mon., 336.)

CLARK & CLARK COUNSEL FOR APPELLANT.

Tygret, &c v. Potter & Co.

JNO. M. GALLOWAY FOR APPELLEES.

Where mortgaged premises are conveyed by the mortgagor to the mortgagee in satisfaction of the mortgage debt, so that no recovery can be had upon such original debt, the transaction will be considered a sale. (Rue v. Dole, *et al.*, 107 Ill., 275.)

In cases in which the court has held transfers from debtor to creditor to be mortgages and not sales, inadequacy of price has usually been a controlling fact. (Edrington v. Harper, 3 J. J. Mar., 359; Bright v. Nagle, 3 Dana, 252; Perkins v. Dye, 3 Dana, 170; Honore v. Hutchinson, 8 Bush, 687; Gray v. Prather, 2 Bibb, 223; 3 Pomeroy's Equity, sec. 1195.)

Here this controlling element of equity is wanting. Again, it is of the essence of a mortgage to be a security for the payment of money, and if the debt has ceased to exist the transaction is to be regarded as a sale and not a mortgage. (Conway v. Alexander, 7 Cranch; Gray v. Prather, 2 Bibb, 224; Pomeroy's.Equity, secs. 1194, 1196, notes and cases cited therein; 2 Devlin on Deeds, secs. 1110, 1112; 1 Jones on Mortgages, 267, 269; Holmes v. Grant, 8 Paige, 257; Chase's case, 17 Am. Dec., 277 and notes to same, 300; Slowey v. McMurray, 72 Am. Dec., 251; Bennett v. Holt, 24 Am. Dec., 455.)

In this case it is alleged and not denied that the debt was cancelled and its evidence surrendered.

EDWARD W. HINES ON SAME SIDE.

As there was no inadequacy of price, and the evidence of the debt was surrendered, the transaction must be held to be a sale and not a mortgage, especially as appellees already had a mortgage and there could have been no reason for substituting one mortgage for another. (McKinstrue v. Conly, 12 Ala., 678; Rue v. Dole *et al.*, 107 Ill., 275.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant, Tygret, being indebted to the appellees, P. J. Potter & Co., in the sum of $4,242, executed to them his note payable in twelve months from date, and secured by a mortgage on several tracts of land, containing about one hundred and fifty acres.

After this note matured the appellant, not being able to make payment, and the debt amounting to $4,678.60, with

its interest, appellees purchased the land and surrendered the note, the appellant executing an absolute conveyance, acknowledging the receipt of the purchase money, the deed containing the usual covenants as to title.

At the time this deed was executed the vendees (appellees) executed to the appellant this writing: "We agree with John T. Tygret that he can have twelve months from this time in which to have the privilege of paying us the amount we this day paid him for certain lands this day deeded to us by said Tygret and wife, viz., the sum of $4,678.60, the consideration expressed in said deed, and should said Tygret make such payment of said sum after the 12th of December, 1889, he is to pay us 8 per cent. interest per annum on said sum from said date, until time when he pays us, and should he thus pay us within twelve months, we are, upon said payments being made to us, to convey him or to his order the land this day conveyed to us, and should he fail to pay us said $4,678.60 with interest from date, this contract is of no binding effect. We further agree should said Tygret not pay us the amount by December 25, 1889, we, P. J. Potter & Co., agree to rent him, said Tygret, the land for the year 1890, lease to begin December 25, 1889, and end December 25, 1890, and Tygret is to pay as rent $375, and for this rent Tygret is to make us a well-secured note due December 25, 1890. When the lease expires said Tygert agrees to surrender the possession."

Signed:                    "P. J. POTTER & CO."

"I agree to comply with the terms of this contract as to renting said property for the year 1890 should I not sell before December 25, 1889." Signed:     "T. G. TYGERT."

Before the expiration of the twelve months, the time during which the appellant had the right to repurchase, the appellees, by the consent of the appellant, sold a part of the

land for $2,500, and for the balance of the land it was agreed the appellant should pay as rent $175.

There was also a verbal extension of time to enable the appellant to' repurchase that was not complied with, and after notice to surrender the possession an action was brought by the appellees to recover the rent and the possession of the land.

The main defense is that the writings evidence a mortgage and not a conditional sale of the land. The defense also relies on the defense of usury, that if it ever existed is barred by the statute in the event this transaction was a sale and not a mortgage.

It is often difficult to determine the intent of parties with reference to conveyances of this character, and it is a well-settled rule of equity that when a doubt exists as to whether the writing is a sale or mortgage, that doubt is resolved in favor of the debtor, and the writing construed to be a mortgage.

In this case the appellees held a mortgage upon the entire premises conveyed at the time the deed was executed, that passed to the appellees all the right and title the appellant and his wife had in the land, as a security for the debt, and there could have been no motive prompting the parties to so change the terms of a writing that upon its face was plainly a mortgage, to an absolute conveyance, unless they both intended this conveyance to pass the absolute fee in the event the debt was not paid within twelve months, and at the end of that time the appellant to become the tenant of the appellees.

The evidence of the debt had been surrendered, and there is no evidence conducing to show the land to be of greater value than that paid for it, or that the agreement was unconscionable or oppressive, but on the contrary it is mani-

fest the appellant saw or believed he could not discharge
or release the mortgage, and therefore made the best pos-
sible terms with his creditor; that was, to sell him the land,
with the right to repurchase within twelve months, and if
he failed to do so then to become his tenant. The fact that
appellant obtained the consent of the appellees for the sale
of a part of the land is no evidence that the writing was
intended as a mortgage, because the twelve months in which
he had the right to have this land reconveyed had not ex-
pired. This sale evidenced the fact, however, that the ap-
pellees did not want the land, and that appellant could not
pay for it, and, therefore, consented to the sale, and every
opportunity was given the appellant to comply with his
agreement, but this he failed to do.

In Rue v. Dole, 107 Ill., 275, it was held in a case
similar to this that in the absence of deception, fraud or op-
pression a conveyance of this character with a provision
for a repurchase will be sustained, even if the land was sold
at less than its full value. In this case the debt had been
discharged. The conveyance was made in full satisfaction
of the claim and no debt existed; if then the debt was dis-
charged at that time—the date of the conveyance—the plea
of usury, that 8 per cent. was included in the note or paid, is
barred by the statute. That the writings express upon their
face a sale of the land with the right of repurchase, and that
such was the intention of both the debtor and the creditor,
we have no doubt.

Judgment affirmed.