## Henderson v. Adams.

(Decided November 29, 1918.)

### Appeal from Scott Circuit Court.

1. Mortgages—Parol Evidence as to Character of Instrument.—It is a well established rule in this jurisdiction that a deed absolute upon its face may be shown, by parol testimony, to have been intended as a mortgage; and, contrary to the general rule, this relief may be had in Kentucky without an allegation of fraud, accident or mistake as a foundation therefor.

2. Mortgages—Construction of Writing.—When a doubt exists as to whether a writing is a deed or a mortgage, that doubt will be resolved in favor of the debtor, and the writing construed to be a mortgage.

JAMES F ASKEW for appellant.

H. C. FORD and FORD & FORD for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

The appellant, Henderson, became the surety of the appellee, Adams, for the purchase price of a small tract of land which the latter bought at a commissioner's sale. Henderson was required to pay $106.30, which was about one-half of the purchase money. Upon the written request of Adams, the commissioner made a joint deed to Adams and Henderson in August, 1914.

Adams took possession of the property, paid the taxes, collected the rents, built fences, painted the buildings, insured them, and treated the property as his own—Henderson making no claim to own any interest in it for more than a year after the deed was made. On August 10th, 1916, Henderson, claiming to be the owner of an undivided half interest in the land, brought this action against Adams, seeking a sale thereof on account of indivisibility, and an accounting by Adams for rents received. By his answer Adams traversed Henderson's claim of ownership and alleged that the deed had been made jointly to Henderson and Adams for the sole purpose of securing Henderson in the payment of that portion of the purchase money which he had been required to pay, and that the deed was intended merely as a mortgage for that purpose; and by his counterclaim Adams sought to have his title to the whole tract quieted, subject, however, to Henderson's claim for a lien.

On the contrary, Henderson claims that the transaction was a sale to him with an option reserved to Adams to repurchase the land by the repayment of the amount which Henderson had paid, within a year thereafter, and that this conditional sale became absolute upon Adams' failure to pay the stipulated sum at the time specified. The chancellor treated the conveyance as a mortgage; quieted Adams' title to the land, and directed its sale for the purpose of paying Henderson's debt. From that judgment Henderson prosecutes this appeal.

It is a well established rule in this jurisdiction that a deed absolute upon its face may be shown, by parol testimony, to have been intended as a mortgage; and, contrary to the general rule, this relief may be had in Kentucky without an allegation of fraud, accident or mistake as a foundation therefor. Hobbs v. Rowland, 136 Ky. 197; Castillo v. McBeth, 162 Ky. 383; Turner v. Newberry, 166 Ky. 196; Carr v. Morrison, 178 Ky. 683.

In Carr v. Morrison, *supra,* the court said:

"The ground of the Kentucky rule is that, if a deed was intended to operate as a mortgage, it would be a fraudulent act on the part of the grantee to insist upon its being absolute. And, when a doubt exists as to whether the writing is a deed or a mortgage, that doubt will be resolved in favor of the debtor and the writing construed to be a mortgage. Tygret v. Potter & Co., 97 Ky. 57; Charles v. Thacker, 167 Ky. 838, and the cases there cited."

And in that case it was further pointed out that the test whether a conveyance is a mortgage or a conditional sale is to ascertain whether it is a security for the payment of money or for the performance or non-performance of any act or thing; and that if the transaction resolves itself into a security, whatever be its form, it is in equity, a mortgage. If, on the other hand, it is not a security then it is either an absolute sale or a conditional purchase. So, the question here is one of fact, to-wit, whether the transaction resolved itself into a mere security to Henderson to indemnify him, or whether it was a sale with a promise to reconvey upon the condition performed.

The proof is confined to the depositions of Henderson, Adams and Thomasson, the master commissioner who drew the deed. Henderson and Adams maintain their respective claims, but Thomasson, the remaining witness, corroborates Adams. Under this proof and the rule that in cases of doubt the conveyance will be treated as a mortgage and not as a sale, the judgment of the chancellor was undoubtedly correct.

Judgment affirmed.