## Saylor's Administrator v. Brock.

(Decided March 23, 1920.)

### Appeal from Bell Circuit Court.

1. Deeds—Consideration—Acknowledgment of Receipt of Consideration—Admissibility of Evidence to Rebut Payment.—An acknowledgment in a deed of the receipt of the consideration is only prima facie evidence of payment, which may be rebutted by proof aliunde.

2. Executors and Administrators—Claims Against Estate—Deeds—Consideration—Evidence Rebutting Acknowledgment of Receipt of Purchase Money—Sufficiency.—In an action setting up a claim against an estate for the balance of purchase money for a tract of land, evidence examined and held insufficient to overcome the acknowledgment in the deed of the receipt of the purchase money.

JAMES H. JEFFRIES and N. R. PATTERSON for appellant.

E. N. INGRAM for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Granting the appeal and reversing.

In a suit by N. J. Saylor's administrator against John H. Brock, surviving partner of the firm of Saylor & Brock, for the purpose of settling the estate of the de-

cedent, as well as the partnership, Berry Howard asserted two claims against the partnership and the estate of N. J. Saylor, one for $70.00, and the other for $450.00, both of which were allowed. There is no complaint of the $70.00 item, but from the judgment allowing the claim for $450.00, the administrator has prayed an appeal.

It appears that Berry Howard, by deed dated October 21, 1915, sold and conveyed to Nathan Saylor and John Brock a tract of land located on Straight creek in Bell county, and containing one hundred acres. The consideration was $1,300.00 in hand paid, and the receipt thereof was acknowledged in the deed. The claim of $450.00 is for a balance due on the purchase price, and is supported by the evidence of John Johnson and the claimant. According to Johnson's evidence, he knew of the trade, and the price agreed on was $1,300.00. About a month or six weeks before the deed was executed Saylor paid to Howard a bunch of cattle worth $820.00, and also $30.00 in cash. That was all that was paid at the time, but witness was not present when the deed was made. After stating that there had never been a settlement of the accounts between him and the firm of Saylor & Brock, Berry Howard testified as follows:

"My recollection is that on store account and personal property accounts I would be due them, on certain notes which they hold of mine, about $450.00; and they would be due me about $450.00 on accounts and notes I have paid for them, that I should have credit for, which would off-set any amount which I owe them; in other words, if the accounts were all settled up I would not owe them and they would not owe me, except there would be due me $70.00 which they owe on what is known as the John C. Howard tract of land."

It has long been the rule in this state that an acknowledgment in a deed of the receipt of the consideration is only *prima facie* evidence of payment, which may be rebutted by proof *aliunde*. Trumbo v. Carthright, 1 A. K. Marshall, 582; Gordon's Heirs v. Gordon, 1 Met. 285; Engleman v. Craig, 2 Bush, 424. But clearly the evidence in this case is not sufficient for that purpose. Johnson merely testified to the payments made some time prior to the execution of the deed. He was not with the parties during the entire time that elapsed between the payment of the $850.00 and the making of the deed, nor

was he present when the deed was made. That being true, he could not and did not testify that no other payments were made by the grantees. Moreover, the case was in nowise strengthened by the testimony of Howard himself. He merely testified that he owed the partnership $450.00 on certain notes which they held of his, and the partnership owed him the same amount on accounts and notes which he had paid for them, and that if the accounts were settled he would not owe them and they would not owe him anything except the $70.00, which they owed on the John C. Howard tract of land, which claim was allowed. Nowhere did he say that there was any balance due on the purchase price of the one hundred acre tract of land. Under these circumstances, the claim of $450.00 should not have been allowed.

Wherefore the appeal is granted, and the judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.