### Vernon v. Vernon.

(Decided November 13, 1925.)

## Appeal from Leslie Circuit Court.

1. **Deeds—Evidence—Recited Consideration Prima Facie Correct, Burden of Proving Contrary on Party Denying it, and Cancellation Not Authorized where Only Contrariety in Proof.**—A recited consideration in deed is prima facie correct, and one denying it assumes burden of proving contrary by clear and convincing evidence, and, where there is only a contrariety in extraneous proof a cancellation, whether for want of consideration or other equitable grounds, is not authorized.

2. **Deeds—Evidence of Valuable Consideration Paid by Grantee to Father of Both Grantee and Grantor, with Latter's Consent, Sufficient to Show Deed Supported by Consideration.**—Evidence that grantee paid valuable consideration to father of both grantor and grantee with grantor's consent, which was not denied, is sufficient proof of valuable consideration to support deed, since consideration need not be paid directly to one entitled thereto; it being sufficient if paid to third party at his request or by his consent and acquiescence.

3. **Deeds—Where Deed Delivere1 to Father of Grantee and Grantor, Delivery by Father to Grantee Presumed to be with Grantor's Consent.**—Where transaction was for benefit of father of both grantee and grantor, and deed was left in his custody by grantor, a delivery to grantee is presumed to be with grantor's consent, in absence of evidence to contrary under rule that deed, duly executed, acknowledged, and recorded, is prima facie evidence of delivery and acceptance.

M. C. BEGLEY for appellant.

J. M. BICKNELL for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The parties to this litigation are brothers and their father was James A. Vernon, now deceased. On April 11, 1916, appellee, J. S. Vernon, who was plaintiff below, executed and acknowledged a deed to appellant, Boone L.

Vernon, who was defendant below, to a tract of land in Leslie county containing one hundred acres. This equity action was filed in the Leslie circuit court by plaintiff against defendant to cancel that deed upon the grounds that it was without consideration and was never delivered. The original petition averred that it was executed in trust with the agreement that the land should be reconveyed to plaintiff by defendant at the expiration of the trust, but the terms of the trust were not averred, nor was there any allegation that it was terminated. Amended petitions withdrew those grounds and substituted the ones first above stated. The answer and amendments thereto put in issue the alleged grounds of relief, and upon submission after preparation the court sustained the prayer of plaintiff's pleadings and cancelled the deed. Complaining of that judgment defendant prosecutes this appeal.

The deed recites a consideration of $200.00 in hand paid, and before considering the evidence it should be remembered that a recited consideration in a written contract is *prima facie* correct, and the one denying it assumes the burden of proving to the contrary and which must be done by clear, convincing and satisfactory evidence. Where there is only a contrariety in the extraneous proof a cancellation will not be authorized where there is a recited valuable consideration in the instrument sought to be cancelled, unless the facts and circumstances are of such a nature as to produce conviction of the truth of the grounds relied on. That rule is fundamental, and is found in all text writers upon the subject as well as applied by all courts. A few of the many cases from this court are, Combs v. Combs, 130 Ky. 827; Culton v. Asher, 149 Ky. 659; Larmon v. Miller, 195 Ky. 654, and others referred to therein. There is no difference in the rule as applied to the ground of a want of consideration and as applied to other equitable grounds for cancellation, since the cancellation of an executed contract "is the exercise of most extraordinary power by a court of equity" and which ought not to be done "except in a clear case." Volume 4, Caldwell's Kentucky Judicial Dictionary, pages 396 and 397. With this principle in mind we will now examine the testimony for the purpose of testing its sufficiency as measured by that rule.

Plaintiff's testimony was exceedingly brief, and all of it was elicited by most glaringly leading questions. He

admitted executing and acknowledging the deed and said, "My father had me make a deed," but that *he* (plaintiff) never received any consideration from defendant or any-one else for it. He also stated that he did not deliver the deed to defendant, and that he obtained title to the land from his father, James A. Vernon; but whether he *pur-chased* it from his father or whether the latter deeded it to him as a *gift* does not appear, although there are cir-cumstances in the record which would seem to indicate that it was a gift. Defendant testified that the father at the time the deed was executed, was involved in litiga-tion over the title to all of his land, including the tract in controversy, and that he needed funds for the prosecu-tion of that suit and which were advanced to him by de-fendant, who also agreed to make subsequent advances to make up the consideration stated in the deed. He tes-tified to specific sums he advanced, and filed a check for $50.00 given by himself to his father, upon the face of which it was stated to be "for court expense." He testi-fied that the deputy county clerk, plaintiff, himself and their father were present at the time, but that he gave his father $15.00 cash which the latter turned over to plaintiff, and that the consideration was primarily for advancements theretofore and thereafter to be made by himself to his father. Defendant denied none of that tes-timony except that he was not paid the $15.000 by his father. A consideration need not be paid directly to the one who is entitled to receive it under the contract, it being sufficient if it is paid to some third party at his in-stance and request or by his knowledge, consent and acquiescence. It, therefore, stands as admitted in this case, that defendant did pay a valuable consideration for the deed, but it was made to the father of both grantor and grantee with the knowledge and consent (if not ex-press direction) of the former (plaintiff), and in law such payment was as effective as though it had been made directly to plaintiff. There is no pretense of fraud or any other species of overreaching, and under the evi-dence as we have outlined, the plaintiff not only failed under the rule, *supra,* to show a want of consideration, but defendant proved a valuable one which plaintiff did not deny.

It is true that plaintiff introduced a number of wit-nesses who testified to admissions and statements made by defendant to the effect that after his father's death he found *a* deed in his father's trunk which he thought was

lost, and for the consideration of which he had paid nothing. Only one of those witnesses claimed that defendant referred to that deed as *the* deed, indicating the one involved. The others all testified that in such conversations he used the indefinite article, "a," in referring to the deed he found in his father's trunk. He explained those conversations by saying that his father had formerly deeded to him a tract of land, and that while serving in the World War he lost it and afterwards found it, as indicated, and it was with reference to that deed that he made the statements testified to; which explanation is not only reasonable but is wholly uncontradicted, since none of the witnesses were reintroduced to prove that he referred to the deed involved in this litigation in the conversations with them.

But it is furthermore insisted that the deed sought to be cancelled was never delivered. It is admitted by plaintiff that at the immediate time of its execution it was left in the custody of his father and it is proven that he on that day or the next one delivered it to defendant who filed it for record on April 14, 1916, only three days after its execution. In a short time thereafter defendant intervened in the litigation in which his father was then involved and set up title in himself to the land conveyed by the deed and on final submission he was adjudged to be its owner.

The rule is "That a deed duly executed, acknowledged and recorded, is *prima facie* evidence of its delivery and acceptance. Anyone asserting the contrary has the burden of proving it." 13 Cyc. 734; 8 R. C. L., page 1004, section 66, and Banner v. Asher, 183 Ky. 24. In discharging that burden it devolves upon the one denying delivery to show the facts surrounding the transaction, and to furnish some evidence showing the true intention of the grantor and which was inconsistent with the purpose to deliver the contract whose nondelivery is asserted. In this case it is undeniably proven that the whole transaction was primarily for the benefit of the father who engineered it, and to which engineering the plaintiff consented. A delivery to him by the grantor and subsequently by him to the grantee will be presumed under such circumstances to be with the grantor's consent, and that presumption will prevail in the absence of any evidence showing a contrary purpose. That being true, it necessarily follows that the court erred in ad-

judging that there was no delivery of the deed in controversy.

Wherefore, the judgment is reversed, with directions to set it aside and to dismiss the petition.