## Cheney's Administrator et al. v. Houston et al.

(Decided April 21, 1931.)

L. W. MORRIS and GIFFORD & STEINFELD and MORRIS B. GIFFORD for appellants.

BURWELL K. MARSHALL, Jr., BLAKEY, DAVIS & LEWIS, J. WARD LEHIGH and GORDON R. KINSEY for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

D. H. Cheney, then a resident of Jefferson county, died testate in 1908. His will was duly probated. By it, he devised his estate consisting of real and personal property, to the Louisville Trust Company and W. B. Phillips to be held, managed, and controlled by them for the use and benefit of his wife and son until his son arrived at the age of 25 years. He directed that when his son reached this age, a distribution of his estate between his wife and son should be made. Martha D. Cheney, his wife, both before and after the son arrived at the age of 25 years, so far as the son was concerned, assumed control and management of the estate of testator. His son, L. L. Cheney, at the death of his father, was between 17 and 18 years of age. He became 25 years old on March 26, 1915. Some time in September, 1920, L. L. Cheney acquired the ownership of the stock in the Frankfort Motor Car Company, a corporation engaged in business at Frankfort, Ky. On September 13, 1920, he joined in a deed executed and delivered by the Louisville Trust Company and W. B. Phillips, as executors and trustees under the will of D. H. Cheney, deceased, and conveyed to Martha D. Cheney, his mother, a certain tract of land owned by D. H. Cheney and devised by his will to him and his mother. At the date of this transaction L. L. Cheney was 29 years of age. It is recited in the deed that it was executed "in consideration of a valuable consideration." By it he "conveyed all of his right, title and interest in and to" the real

estate therein described to his mother. On the same date, he executed and delivered to his mother a note for $13,500 payable two years after date, bearing 6 per cent. interest from date. In 1928, L. L. Cheney desired to borrow from the Farmers' Deposit Bank of Frankfort, Ky., $8,000. The bank declined to loan it to him without security. Martha D. Cheney borrowed from it $8,000, and executed her note to the bank for that sum, which was signed, "Martha D. Cheney, Frankfort Motor Car Company, Inc., by L. L. Cheney, President, and L. L. Cheney." It is dated January 24, 1928. The proceeds of the note were deposited to the credit of Mrs. Martha D. Cheney. "She gave L. L. Cheney a check for the face of the note;" Her check was deposited to the credit of the Frankfort Motor Car Company. Simultaneously with the execution and delivery of the $8,000 note to the bank, L. L. Cheney executed and delivered to his mother his note for $8,000 payable four months after date, bearing interest at the rate of 6 per cent. per annum. He executed and delivered to his mother, Martha D. Cheney, a written assignment of his interest in his father's personal estate. This assignment is undated. On October 30, 1928, Martha D. Cheney, then a resident of Jefferson county, died testate. Her will was duly probated. After making certain specific bequests not here involved, her will is in this language:

> "To my son, L. L. Cheney all property that is left with this provision—At his death, if he has no children one third goes to his wife if he has no wife one third goes to charity of the 2nd Presbyterian Church—the other two-thirds if he L. L. C. has no children to go to Mrs. Lydia Houston my sister at her death to her children.
> "I wish one-half of the property my son receives from me to be used as he sees fit —the other half must be kept so as to leave to his wife and my sister Mrs. Lydia Houston as I have mentioned above."

The appellant Farmers' Deposit Bank of Frankfort, Ky., was appointed administrator of her estate with the will annexed. It filed this action against L. L. Cheney, Lydia Dorsey Houston, and others, wherein it sought a construction of the will of Martha D. Cheney. It sets out in its petition the two notes of L. L. Cheney to his

mother, one for $13,500 and the other for $8,000. In reference to these two notes it makes this allegation:

> "Plaintiff is informed that the sum of said two notes is for less than the value of the interest which L. L. Cheney had in the estate of his father and which he gave to his mother as above set out, and that said notes were given at the suggestion and request of the mother Martha D. Cheney upon some idea of her own; that the execution of said notes might serve as a protection to her son and that it was at all times understood between the defendant L. L. Cheney and his mother that no part of either of said notes was ever to be paid, and that in fact there was no consideration therefor, inasmuch as defendant L. L. Cheney had actually transferred to his mother property and funds in excess of the amount of said two notes."

L. L. Cheney in his answer makes substantially the same allegations relative to these two notes. Lydia Dorsey Houston by answer traversed the allegations of the petition. In the second paragraph thereof, she alleges that by her will Martha D. Cheney devised to L. L. Cheney one-half the estate to be used as he sees fit and the other one-half thereof should be kept in trust as provided in the will so that:

> "At his (L. L. Cheney's) death if he has no children, one-third goes to his wife; if he has no wife that third goes to a charity of the Second Presbyterian Church, and the two-thirds, if he L. L. Cheney has no children, to go to Mrs. Lydia D. Houston, my sister, and at her death to her children."

The Second Presbyterian Church and its trustees, by answer, traversed the allegations of the petition and insisted for the same construction of the will of Martha D. Cheney as sought in the answer of Lydia D. Houston. Other pleadings were filed, and by order of court were taken as controverted of record. An agreed stipulation signed by the parties was entered into, wherein it was agreed that the estate of Martha D. Cheney, including the $13,500 note and the $8,000 note of L. L. Cheney, aggregated $74,154.04. The liabilities of the estate, including the burial expenses and administration charges, amounted to $11,167.08, which includes the note for $8,-

000 to the Farmers' Deposit Bank, of Frankfort, Ky., signed by Martha D. Cheney, etc. It was further agreed that the Frankfort Motor Car Company was a corporation, and that L. L. Cheney from the time of his purchase until he sold the business in 1929, was the sole owner of the assets of the corporation. Evidence was taken, and on submission to the court, judgment was rendered, canceling the note of $8,000 given by L. L. Cheney to his mother on January 24, 1928. It was adjudged that the $13,500 note and interest was a valid, subsisting debt against L. L. Cheney, and that it be set off against his half of the residue of the estate of his mother that would pass to him under her will. The $8,000 note to the bank and the unpaid interest due at the date of the death of Martha D. Cheney were directed to be set off against the residue of her estate, which was devised to L. L. Cheney absolutely. The will of Martha D. Cheney was interpreted to mean that:

" 'L. L. Cheney takes an absolute estate in the one-half the residue after payment of special bequests, debts and charges of administration, and that in the other half of the residue he has a life estate only, with remainder in two-thirds thereof, if he dies without a child, to Lydia D. Houston for her life and after death to her children.' " By the judgment rendered the cause was " 'retained on the docket for a determination of all questions not therein determined and for the purpose of administering and distributing said estate.' "

No construction of the will was made as to the wife of L. L. Cheney or the Second Presbyterian Church. To the judgment rendered, the Farmers' Deposit Bank of Frankfort, Ky., as administrator with the will annexed of Martha D. Cheney, excepted and prayed an appeal. L. L. Cheney saved an exception and prayed an appeal. Lydia B. Houston reserved an exception and prayed an appeal. No appeal was asked for, or granted to, the Second Presbyterian Church or to the wife of L. L. Cheney. L. L. Cheney here insists that the court erred in not canceling the note for $13,500. Lydia D. Houston complains of the cancellation of the $8,000 note. In his brief, her counsel makes this statement: "The appellees and cross-appellants, Lydia Houston and her children, are not particularly interested in whether the interest given to them by the will is construed as a contingent or vested

remainder. It is doubtful whether this question has been properly presented to this court and the lower court did not pass on the question." The appellant Farmers' Deposit Bank of Frankfort, Ky., administrator with the will annexed of Martha D. Chenney, makes no complaint against the construction of the will of its testatrix. The Presbyterian Church has filed no brief. In his brief, counsel for L. L. Cheney makes no complaint of the construction of the will as we have stated it. In view of these facts, we do not consider that any complaint by these parties is made against the construction of the will of Martha D. Cheney. Therefore, as to its construction, we shall give no further consideration.

There remains to be considered the question of cancellation of the $8,000 and $13,500 notes of L. L. Cheney to his mother. The $8,000 note was executed and delivered at the time she and he, in their names, and in the name of the corporation, Frankfort Motor Car Company, executed and delivered a note for like amount bearing same date, to the appellant Farmers' Deposit Bank of Frankfort.

It is satisfactorily shown by the evidence that the $8,000 note was executed and delivered without any consideration and in accordance to some idea of his mother that it was necessary on account of the $8,000 note to the bank having been signed by her. The note for $13,500 is attacked on the ground that it was without consideration. It bears the same date, September 13, 1920, of the deed executed and delivered by the executors and trustees of the will of his father and L. L. Cheney to his mother. It is a negotiable instrument within the requirements of section 3720b-1, Ky. Stats. By section 3720b-24, Ky. Statutes,

"Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value."

This section of the statute placed the burden of proof on L. L. Cheney to establish that the $13,500 note was executed and delivered without consideration. Radford's Adm'rs v. Harris, 144 Ky. 809, 139 S. W. 963; Bronston's Adm'r v. Lakes, 135 Ky. 173, 121 S. W. 1021; Brown's Adm'r v. Wilson, 222 Ky. 454, 1 S. W. (2d) 767. The deed bearing the same date as this note recites that it was executed "in consideration of a valuable consid-

eration." It is an established rule that a "recited consideration in deed is prima facie correct, and one denying it assumes burden of proving contrary by clear and convincing evidence." Vernon v. Vernon, 211 Ky. 196, 277 S. W. 248; Saylor's Adm'r v. Brock, 187 Ky. 553, 219 S. W. 441; Banner v. Asher, 183 Ky. 24, 207 S. W. 703. Both the deed and note although of the same date, are to be regarded as having been respectively executed and delivered to, and accepted by, the parties for an independent valuable consideration. We are not authorized, in the absence of both pleading and proof, to say that the one was executed in consideration of the other.

L. L. Cheney testifies there was no consideration for the note for $13,500. The payee of the note is deceased; therefore his testimony is incompetent on this issue. Civil Code of Practice, sec. 606. Considering the note and the deed as importing prima facie evidence of a consideration for their respective execution and delivery and that the one was not executed and delivered as a consideration of the other, the parol evidence offered bearing on this issue, without the testimony of L. L. Cheney, is insufficient satisfactorily to show that the note for $13,500 was without consideration. There is no allegation made in the pleadings that the deed was intended by the parties to be merely security for the payment of the $13,500 note. Nor is there any proof offered to show that its execution and delivery was intended to secure the note. It is urged that her will was executed subsequent to the notes, and making no reference to either the $8,000 or the $13,500 note, this fact shows that it was the intention of the testatrix, Martha D. Cheney, that neither of the notes should be paid to her or to her estate by L. L. Cheney. It is insisted that the aggregate amount of the half of the estate of his father devised to him by his father's will, which he conveyed and assigned to her, equaled the amount of the note, and that one should now be regarded as a settlement of the other; that the fact the mother did not mention them in her will shows this was her intention.

We are not prepared to adopt this theory, nor are we authorized to cancel this note on such ground. The father of L. L. Cheney by his will withheld a portion of his estate devised to L. L. Cheney until he reached the age of 25. When the mother came to execute her will, with the knowledge of his indebtedness to her by virtue of the notes, she devised one-half of her estate to him

absolutely, and the other one-half in trust, of which he was to have the use and income during life. The withholding of his portion of his father's estate by his will until he arrived at the age of 25, and his mother so placing in trust one-half of her estate, with the income to be paid to L. L. Cheney, at least indicates that both the father and mother were endeavoring to protect and save, in this manner, a portion of their estate from the control of their son. But without attempting to ascertain the reasons actuating these parents for so devising their estate to their son, it is sufficient to say that the evidence is insufficient to authorize a cancellation of the note for $13,500.

The judgment appealed from provides that the one-half of the estate of Martha D. Cheney, in which L. L. Cheney has a life estate, be paid to him upon his executing bond with surety to be approved by the court for a forthcoming of that portion of the estate at the death of L. L. Cheney, and upon his failure to execute such bond, the administrator with the will annexed be required to apply to the court for the appointment of a trustee to hold the principal of this half of the estate during the life of L. L. Cheney. We find no fault with the judgment of the court in this respect. It protects the owner of the life estate and secures to him the income from his half of the estate during his life, and at the same time protects the owners of the estate in remainder. Since the trial court reserved for future determination all other questions touching the administration and distribution of the estate, we express no opinion as to the rights of the parties not herein discussed.

Wherefore the judgment is affirmed.