### Britton v. Marcum et al.

May 2, 1939.

T. H. WEBB for appellant.

ROY W. HOUSE for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

On August 27, 1927, Emily Britton and William Britton, husband and wife, signed, acknowledged and delivered to H. B. Marcum what purports to be and in fact on its face is a general warranty deed for a tract of land in Clay county containing approximately 50 acres and described by metes and bounds in the deed. The recited consideration was $1200, of which amount $250 was paid in cash and the remainder evidenced by two notes of $475 each, due in six and eight months, bearing interest from date with a lien retained in the deed to secure the payment thereof.

After maturity of both of the notes Emily Britton instituted this action seeking to recover the recited balance of the purchase money and to have the vendor's lien enforced. She made the wife of H. B. Marcum a party defendant; however, for convenience, we shall hereafter refer to H. B. Marcum as defendant. By answer, set-off and counterclaim defendant in a first paragraph traversed the allegations of the petition and in a second paragraph alleged in substance that at the time the deed was made and executed plaintiff and her husband were jointly indebted to defendant for goods, wares and merchandise to the amount of more than $250; that while the account was running in the name of plaintiff's husband, it was in truth and fact the joint account of plaintiff and her husband who were partners trading and doing business under the firm name and style of William Britton; that plaintiff at the time was sick; that she and her husband desired to pay the joint indebtedness to defendant and were anxious to sell the tract described in the petition and deed, and to secure the aid of defendant in procuring a purchaser therefor and for convenience in making a deed in the event a purchaser was found, plaintiff and her husband entered into a contract or agreement in parol with defendant whereby they did convey in trust to him the tract of land mentioned in the deed and petition; that it was under-

stood between the plaintiff and her husband and defendant that he would accept the deed, holding same in trust until a sale thereof could be procured at a price of $1200 and that plaintiff and defendant were each to have a one-half undivided interest therein; that at the time the account of the two defendants had not been run up or the amount thereof ascertained, but it was agreed that defendant's one-half interest in the land was to be paid for by goods, wares and merchandise which he had sold and delivered to them and thereafter to be sold and delivered to them and by payment of a note or notes on which the defendant was surety for plaintiff's husband, William Britton, aggregating the sum of $189 which defendant desired to be released from and did not want to renew or longer remain surety thereon; that in consideration of the conveyance he paid to plaintiff in goods, wares and merchandise amounting to $447.20 and had paid for plaintiff and her husband, according to the agreement, two notes in the sum of $189 and another note amounting to $30, the aggregate amount of all such payments being $666.20, which more than paid for his one-half interest in the land. He prayed that the petition be dismissed and the deed adjudged to be a deed of trust and the plaintiff and defendant be adjudged to be joint owners of the land described therein; that a sufficiency of the amount paid to plaintiff be set off against her demand and that he have judgment for the remainder.

By reply plaintiff traversed the affirmative allegations of the defendant's answer, etc., and later by amended petition alleged that her husband, William Britton, had paid to H. B. Marcum the sum of $76.75 which was to be and should have been credited to the store account attempted to be charged against her; that when she sold the land she agreed that $250 of the purchase price be applied as payment on the account which William Britton owed defendant. By answer defendant traversed the allegations of the amended petition.

After proof had been heard defendant filed an amended answer, set-off and counterclaim withdrawing the allegations respecting the nature and purpose of the deed, alleging that the answer, etc., was prepared by his attorney in his absence and the allegations were made by mistake and oversight on the part of the attorney; and in lieu thereof alleged that while the deed did not so recite, it was agreed between the parties

thereto that he would take the deed and hold same as collateral security for the payment of the store account then owing by plaintiff and her husband and for other goods to be furnished them within twelve months from the date thereof and also as security for the payment of the notes set out in the original answer, etc., that it was agreed that he use his efforts and influence in finding a purchaser for the land for $1200, and if successful, to retain enough of the purchase price to satisfy the debt of plaintiff and her husband and to pay the remainder thereof to plaintiff; that if he was unable to effect a sale at the price indicated then in that event the deed was to be treated and considered as a mortgage giving the defendant a lien on the land to secure him for the indebtedness of plaintiff and her husband; that he was unable to find a purchaser at the price of $1200 and therefore the deed should be reformed so as to conform with the agreement of the parties and should be adjudged to be a mortgage in favor of defendant for the purposes indicated. The issues were completed by a reply traversing the allegations of the amended pleadings of defendant.

It was adjudged by the chancellor that plaintiff had not shown herself entitled to the relief sought and that defendant had shown himself entitled in part to the relief sought by his answer, set-off and counterclaim as amended and that he recover of the plaintiff the sum of $424 with interest from October 9, 1931, the date the amended answer, etc., was filed, such sum including that part of the store account expressed as a consideration of the deed ($250) and the sum of $15 which defendant had paid on a $30 note to the First State Bank and the further sum of $159 representing the principal and interest of notes defendant had paid to the First National Bank of Manchester. It was further adjudged that the deed filed as an exhibit in the record was not intended as a deed of conveyance to the property and was ineffectual to pass title to the land, but that same was a mortgage lien in favor of H. B. Marcum against plaintiff to secure the payment of the $424 with interest. It was further adjudged that the land be sold to satisfy the mortgage lien. Plaintiff is appealing.

It is the contention of appellant that the chancellor erred in adjudging the instrument in controversy not to be a deed of conveyance but a mortgage in favor of appellee and in adjudging that appellee recover of ap-

pellant any sum on account of the notes claimed to have been paid by him to the banks as referred to in the pleading and judgment.

The undisputed facts are that the store account in controversy was charged to and carried on appellee's books against William Britton alone; that Emily Britton was not bound as principal, surety or otherwise on the notes referred to in the pleadings and judgment but that they were notes of her husband, William Britton, on which appellee was bound as surety. According to the evidence of appellant and her husband the transaction with Marcum was an outright sale of the land as evidenced by the deed and that it was not intended as a mortgage; that appellant agreed that $250 of the purchase price for the land might be applied on the store account which her husband owed appellee and that was represented by the cash payment recited in the deed; that the deed was not intended to be in the nature of a mortgage or as collateral to secure the payment of the store account or any other indebtedness of appellant's husband. The evidence of appellee tends to sustain the allegations of his answer, etc., with respect to the understanding between the parties as to the nature, purpose and effect of the deed. He further testified that while he carried the store account in the name of William Britton appellant purchased some of the goods and sent written orders for some of the articles charged in the account but these orders had been lost or misplaced; that appellant had written him some letters after she left Kentucky and went to Ohio telling him to pay the notes referred to in the pleadings and judgment and deduct same from the purchase price of the land or that it be a charge against same but these letters also had been lost; that when the deed was delivered at the store appellant's husband told him to hold it as security for the indebtedness; that he did not read the deed and did not know the terms and conditions thereof until after the controversy arose. One Bowling who clerked for appellee testified that he was present when the deed was delivered to appellee by appellant's husband and that the latter in effect told appellee to hold it as collateral. He also testified that appellant gave orders to the store. Appellant denied positively that she ever gave any order or orders to appellee for goods or that she ever wrote to appellee authorizing him to pay the notes for her husband and charge the amounts paid against her;

that her purpose in selling the land was to secure funds to pay medical and hospital bills and to pay the balance of a mortgage against other lands she owned. William Britton denied that he told appellee to hold the deed as security for the indebtedness and stated that Bowling was not present when the deed was delivered. He stated that notes were not taken for the deferred payments because appellee was expecting to sell the land and he told appellee that as soon as the sale was made he could pay the balance.

It is true, as contended by counsel for appellee, that parol evidence is admissible and competent to impeach the consideration of a deed, absolute on its face, and to show that it was intended to be a mortgage instead of a deed. See Turner v. Newberry, 166 Ky. 196, 179 S. W. 23, and cases therein cited. Appellee's further contention that equity will resolve doubt as to whether an instrument is a deed or mortgage in favor of the debtor and construe it to be a mortgage is apparently sustained by the cases of Henderson v. Adams, 182 Ky. 280, 206 S. W. 461 and Tygert v. Potter & Co., 97 Ky. 54, 29 S. W. 976, 16 Ky. Law Rep. 809. There is, however, a fixed and unvarying rule in this jurisdiction that a recited consideration in a deed is prima facie correct and the one denying or impeaching it has the burden of establishing the contrary; that it requires strong, clear and convincing proof to meet that burden. Cheney's Adm'r et al. v. Houston et al., 238 Ky. 410, 38 S. W. (2d) 198; Vernon v. Vernon, 211 Ky. 196, 277 S. W. 248. In the latter case it is indicated that where there is contrariety in the extraneous evidence the burden is not met unless the facts and circumstances are of such a nature as to produce a conviction of the truth of the grounds relied on.

Here we have a deed, absolute on its face, with a recited consideration of $1200, with the grantors testifying positively that it was intended to be a deed and that the recited consideration is correct. The only thing tending to weaken the evidence for appellant is the fact that the notes were not taken for the recited unpaid purchase money; however, William Britton makes a fairly reasonable explanation of that matter. On the other hand, appellee testified that the instrument was intended as a mortgage and was delivered to him to hold as security for the payment of the indebtedness set up in his pleading and to some extent he is corroborated by Bowl-

ing; however, there are a number of proven facts and circumstances tending to weaken his evidence. According to his evidence he accepted the deed without reading it or attempting to learn its contents. The inconsistencies between the allegations of his original pleading and the amended pleading in which they were withdrawn and others made do not altogether lose their significance by an explanation of mistake upon the part of the draftsman of the pleading. Furthermore, it is alleged in the amended pleading of appellee that a part of the consideration was that he would pay the notes on which he was bound as surety for William Britton and to sustain this he claims to have received letters from appellant after she went to Ohio authorizing payment but this was long after the deed had been executed. He was unable to produce those letters or the written orders he claims appellant gave for goods, his explanation being that he lost or misplaced them. She denied positively that she ever wrote them. In such state of extraneous evidence it is quite obvious that appellee utterly failed to meet the burden of establishing that the recited consideration in the deed was not correct or that it was intended to be a mortgage rather than a deed.

The further contention that the chancellor erred in adjudging that appellee recover of appellant sums paid on notes of William Britton is well founded. Under Section 2127, Kentucky Statutes, a married woman's estate may not be subjected to the payment of any debt or liability upon a contract made after marriage to answer for the debt, default or misdoing of another, including her husband, unless such estate shall have been set apart for that purpose by deed or mortgage or other conveyance. The deed from appellant to appellee does not expressly or impliedly set aside or put in lien property conveyed for the satisfaction of any indebtedness of William Britton to appellee growing out of the notes; and the evidence as we have seen is not sufficient to show that such was the intent of the parties. Furthermore, under out Statute of Frauds, Kentucky Statutes, Section 470, an action cannot be maintained or recovery had upon a promise to answer for the debt of another unless the contract be in writing and signed by the person to be charged therewith. Appellee produced no such writing and the evidence is not sufficient to establish that one was ever made.

Since William Britton was not a party in the court below and has not been made a party to this appeal we are not called upon to determine or discuss the correctness of the judgment with respect to the sum alleged to have been paid by him on the store account and for which he was not given credit.

Wherefore the judgment is reversed with directions to set it aside and enter judgment in conformity with this opinion.