## Spears et al. v. Atkins.

Dec. 13, 1940.

R. Monroe Fields, Judge.

J. E. Childers for appellants.

Stratton & Stephenson for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

Several years prior to the filing of this action the tract of land involved, which was owned by the appellant, Carrie Spears, was sold for the satisfaction of debts owing by her and her husband, the appellant, L. D. Spears. It was bid in by Mrs. Spears and the purchase money bond signed as surety by one Hopkins, who was compelled to pay it on the failure of Mrs. Spears to do so. After certain proceedings initiated by Hopkins the land was sold under execution to satisfy his claim by reason of having paid the bond, the amount for which it was sold being $823.81. Hopkins became the purchaser at the execution sale for this amount. The land was appraised at $3,000 at the execution sale and other evidence in the record before us is to the effect that the value of the land is from $3,000 to $5,000.

Mrs. Spears was unable to raise the money to redeem the land from Hopkins within the one year during which she was entitled to redeem and on the last day of the year appealed to the appellee, Squanto Atkins, a nephew of Mrs. Spears, to raise the money for her. He did not have the money available but it was agreed that he would borrow it. As a result of these negotiations between the Spears and appellee they executed and delivered to him an absolute deed for the land and at the same time a separate written contract was executed providing that if they paid to the appellee the sum of $1,091.46 within twelve months from the date of the deed appellee would reconvey the property to them. One paragraph of the contract reads as follows:

"It is agreed that the second party is to retain possession of said land during said twelve months, without the payment of any rents. If the land is not redeemed by the payment of said sum, then the deed becomes absolute, and if it is repaid, then the first party is to reconvey the same title as is conveyed to him."

The amount fixed in the contract as the price of redemption, $1,091.46, was composed of the $823.81 above mentioned, with interest and 10% penalty, together with a store account owing by Spears and wife to the mother of appellee (the amount of which is not definitely established in the evidence) and 6% interest for one year on the foregoing items.

Simultaneously with the execution of the deed to

appellee, in order to procure the money to pay Hopkins, appellee mortgaged the land to a bank, this bank apparently being unaware of the side contract between the parties.

Mrs. Spears remained in possession of the land but did not pay the sum stipulated for redemption to appellee within the year. Several months after the expiration of the one year period a deed by which Spears and wife had conveyed the land to the appellant, Naomi Owens (a daughter of the Spears), prior to the execution of the deed to appellee, was put to record. Appellee thereupon filed a forcible detainer proceeding against the Spears but was defeated in that action.

On May 12, 1938, the present action was filed in equity by appellee against the appellants seeking a recovery of the land and a cancellation of the deed by which the land had been conveyed to Naomi Owens. The action proceeded as an equitable action without objection and on final submission the chancellor adjudged the appellee the relief sought and this appeal follows.

The question confronting us is whether the transaction, composed of the absolute deed and the written contract conferring on Mrs. Spears the right of redemption, created the relation of mortgagor and mortgagee or was in effect a conditional sale to become absolute upon the failure of Mrs. Spears to redeem within the one year period agreed upon.

We find no necessity to enter into an extensive review of the many cases holding transactions of this character to be or not to be mortgages since an exhaustive review of the authorities was entered into in Miracle v. Stone, 190 Ky. 610, 227 S. W. 1011 and in Talley v. Eastland, 259 Ky. 241, 82 S. W. (2d) 368. By a reference to these two cases and the authorities cited therein almost all of the law written on this subject, both case and textbook, may readily be found. An examination of the two cited cases discloses that the following principles are definitely established in our jurisdiction:

1) The question whether the transaction shall be construed as a mortgage or a conditional sale is one primarily to be determined by the intention of the parties.

2) Evidence of surrounding facts and circum-

stances at the time of the transaction may be considered in ascertaining such intention.

3) One of the surrounding circumstances to be given weight is the agreement of the parties with reference to the possession of the land. If possession remains with the grantor this is a circumstance indicating the transaction was a mortgage; placing of the grantee in possession has a considerable weight in favor of the transaction being a conditional sale.

4) In order to declare the transaction a mortgage the relationship of debtor and creditor between the grantor and grantee must exist although it is not necessary that the debt or duty should be evidenced by any express covenant or by any separate written security.

5) A party to an absolute deed, who treats it as a mortgage, is bound by such construction.

6) In case of doubt the doubt should be resolved in favor of declaring the transaction a mortgage.

Applying the principles announced to the writing in question and taking into consideration the facts and circumstances disclosed by the evidence, we are led to the conclusion that the transaction should be construed to be a mortgage. It appears to us that the parties so intended it at the time it was executed and, as pointed out in Talley v. Eastland, supra, whatever the instrument was in the beginning it is now, in accordance with the maxim "Once a mortgage, always a mortgage." The circumstances under which the deed was executed convince us that it was put in this form merely to enable appellee to mortgage the land to the bank to secure the money to pay off the indebtedness to Hopkins. Appellee admits that he did not have the money but secured it by this plan. By the execution of the absolute deed, with the option to redeem as a separate writing unknown to the bank, appellee could borrow the money by executing a mortgage on the land to the bank. The evidence also demonstrates conclusively that Mr. and Mrs. Spears were making every effort to save their home and did not desire to sell it. They were unable to borrow the money from the bank and the plan adopted placed appellee in position to do so. Again, the side contract provided that if the land was not redeemed then the deed became absolute at the expiration of a year. As

pointed out in Talley v. Eastland, supra, if it became absolute when Mrs. Spears failed to redeem, then it was not absolute before that time and, if not absolute, it was a mortgage.

The fact that Mr. and Mrs. Spears remained in the possession of the land is, as above indicated, to be given some weight in determining this question. Not only were they permitted by the writing to remain in possession during the one year period for redemption but they continued to remain in possession for some months thereafter with no action taken by appellee until the deed to Naomi Owens was recorded. Further, it is admitted by appellee that after the expiration of the one year period and until the recording of that deed he would have permitted a redemption of the land.

We think the relation of debtor and creditor existed in the instant case and that this was so understood by the parties. Beyond any question the transaction was in part to secure payment of a debt, the store account, an indebtedness from which the grantor, Mrs. Spears, was not released. It does not appear with certainty in the record that a note was executed by Mr. and Mrs. Spears to appellee for the $1,091.46 but a fair inference from appellee's own testimony is that such was the case. This question was asked him: "Did you have a note or notes in the bank maturing at or near the time *this note* run out?". His answer was: "Yes sir, the note I borrowed the money on was maturing the same time the debt run out." However, as pointed out above, it was not necessary that there should have been a separate written security covering the indebtedness and, whether or not there was a note, we are of the opinion that the relation of debtor and creditor existed. When appellee paid the money to Hopkins at the request of Mrs. Spears this in itself was sufficient to create the relation of debtor and creditor to the extent of the payment thus made by him. Appellee's testimony reveals that he regarded the amount set for the redemption of the land as a debt due him. He refers in his testimony to the time when the money "became due" and more than once refers to the $1,091.46 as a debt—he, himself, treated the transaction as a mortgage and should be bound by the construction he placed upon it.

A final consideration inducing us to resolve whatever doubt we may have in favor of construing the

774

transaction to be a mortgage is the use of the word "redeem" in the contract. The use of this word in a contract of this character implies the existence of a debt and negatives the idea of an absolute sale. See Talley v. Eastland, supra, and authorities to this effect cited therein.

The cases of Tygret etc., v. Potter & Co., 97 Ky. 54, 29 S. W. 976; Charles et al. v. Thacker et al., 167 Ky. 835, 181 S. W. 611 and White et al. v. Nichols et al., 184 Ky. 335, 211 S. W. 849, relied on by appellee are not controlling and are easily distinguishable from the instant case. They were distinguished from the case before the court in Talley v. Eastland, supra, in a manner that is a complete answer to appellee's reliance on them as authority here and we will therefore not enter into a discussion of those cases here.

In view of our conclusion that the transaction in question was a mortgage the chancellor was in error in adjudging a recovery of the land. As the appellants by their pleadings contended that it was a mortgage the judgment should have provided for a recovery by appellee against the appellant, Carrie Spears, for $1,091.46 with interest from November 4, 1936, and for a sale of the land to enforce appellee's mortgage lien.

Judgment reversed with directions to enter a judgment in conformity with this opinion.