## Carr, et al. v. Morrison, et al.

(Decided January 18, 1918.)

Appeal from Hardin Circuit Court.

1. Mortgages—Deeds—Absolute Deed on Face as Mortgage.—It is a generally established rule that a deed absolute upon its face may

be shown, by parol testimony, to have been intended as a mortgage; and, contrary to the general rule, this relief may be had in Kentucky without an allegation of fraud, accident or mistake.

2.   Mortgages—Deeds—Writing Construed as Mortgage.—When a doubt exists as to whether a writing is a deed or a mortgage, that doubt will be resolved in favor of the debtor and the writing construed to be a mortgage.

3.   Vendor and Purchaser—Option—Conditional Sale.—Where land is sold with an option reserved to the vendor to repurchase it by the payment of a certain sum within a specified time, the sale is known as a conditional sale, and will become absolute upon the failure to pay the stipulated sum at the time specified.

4.   Vendor and Purchaser—Mortgage—Conditional Sale.—The test as to whether a conveyance is a mortgage or a sale is to ascertain whether it is a security for the payment of money, or for the performance or non-performance of an act or thing. If the transaction resolves itself into a security, whatever be its form, it is, in equity, a mortgage. If it is not a security then it is either an absolute sale or a conditional purchase. If the debt is extinguished, leaving the grantor to pay or not, as he chooses, and thereby entitle himself to a reconveyance, the transaction is a conditional sale.

H. L. JAMES for appellants.

L. A. FAUREST for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

This is an appeal by Mrs. Lena E. Carr and W. H. Carr, her husband, from a judgment of the Hardin circuit court finding them guilty of having forcibly detained from the appellees a house and lot in Stewart's Addition to Elizabethtown.

In July, 1915, Mrs. Carr bought the lot detained, which was then vacant, and proceeded shortly thereafter to erect a residence upon it. In January, 1916, she owed the Morrison Lumber Company about $800.00 for lumber used in the construction of the dwelling which was then unfinished; and it was ascertained that it would require $1,300.00 to complete the building and clear the property of liens.

It was suggested that the Morrison Lumber Company take a mortgage to secure its debt, but that company declined to take a mortgage and insisted upon payment. However, the appellee, T. J. Morrison, a stockholder and officer of the company, agreed individually to raise the

money, and under the plan agreed upon, Morrison borrowed $1,300.00 from the First Hardin National Bank, which was deposited to the credit of W. H. Carr and used by him in discharging the debts against the property. In consideration of the payment of the $1,300.00, Mrs. Carr and her husband conveyed the property to Morrison by a general warranty deed which contained this leasing clause:

"In consideration of this conveyance and for other good and valuable considerations the party of the second part hereby leases the aforesaid premises to the parties of the first part for a term of one year from this date at the sum of $7.00 per month payable each month, and hereby gives to the parties of the first part an option to purchase said premises at any time within said year at the price of $1,200.00 cash, and in the event first parties exercise the right given by said option the party of the second part agrees to convey and vest in them or either of them the title which he has to said premises. Should parties of the first part fail to exercise the option given them to purchase the premises as provided for herein, then they are to abandon the same at the expiration of their term without demand or notice and deliver the possession to second party with the premises in as good condition as the same now are in, natural wear and tear excepted."

Shortly thereafter W. H. Carr, the husband, was adjudged a bankrupt and nothing was done by him or his wife towards exercising their option to repurchase. By a deed of January 13, 1917, Morrison sold the property to the appellee, Haynes Carter, for $1,364.00, and Carr and wife having refused to surrender the property, Morrison and Carter shortly thereafter instituted this action against them for a forcible detainer in the Hardin quarterly court. The defendants were found guilty in the quarterly court, and upon an appeal to the circuit court they were again found guilty, and judgment was entered accordingly. Carr and wife appeal, insisting as they did below, that the deed of January 8, 1916 to Morrison was intended as a mortgage to secure their indebtedness upon the property and not as a deed conveying the fee simple title.

It is a generally established rule that a deed absolute upon its face may be shown, by parol testimony, to have been intended as a mortgage; and, contrary to the gen-

eral rule, this relief may be had in Kentucky without an allegation of fraud, accident or mistake as a foundation therefor. Hobbs v. Rowland, 136 Ky. 197; Costillo v. McBeath, 162 Ky. 385. The ground of the Kentucky rule is that if a deed was intended to operate as a mortgage, it would be a fraudulent act on the part of the grantee to insist upon its being absolute. And, when a doubt exists as to whether the writing is a deed or a mortgage, that doubt will be resolved in favor of the debtor and the writing construed to be a mortgage. Tygret v. Potter & Co., 97 Ky. 57; Charles v. Thacker, 167 Ky. 838, and the cases there cited.

In Charles v. Thacker, *supra,* the court considered the question at some length and stated the general rule as to when a deed would be construed to be a mortgage as follows:

"Where the land is sold with an option reserved to the vendor to repurchase it by the payment of a certain sum within a specified time, the sale is known as a conditional sale, and will become absolute upon the failure to pay the stipulated sum at the time specified. The vendor in such a transaction is not entitled to an equity of redemption, but can only enforce the agreement to resell if the payment is made as required. A conditional sale may, in equity, be shown to be a mortgage upon the same principles as in the case of a deed absolute on its face. If it appears that the parties intended the conditional sale to operate as a security for the debt, equity will treat the transaction in all respects as a mortgage. The intention of the parties, as ascertained by considering their situation, and the surrounding facts, as well as the written memorials of the transaction, furnish the criterion for the distinction."

And, in the same opinion the court further said:

"The true test, therefore, whether a conveyance is a mortgage or not, is to ascertain whether it is a security for the payment of money, or for the performance or non-performance of any act or thing. If the transaction resolves itself into a security, whatever be its form, it is, in equity, a mortgage. If it is not a security then it is either an absolute sale or a conditional purchase. If the debt is extinguished, leaving the grantor to pay or not, as he chooses, and thereby entitle himself to a reconveyance, the transaction operates as a conditional sale. Horbach v. Hill, 112 U. S. 144."

Applying this test to the facts of this case it appears that the conveyance is absolute in its terms and is not of doubtful meaning; that Morrison's debt was only about $800.00 and that he paid appellants $1,300.00 in cash for the property; that this money was borrowed by Morrison from the bank to make the purchase; that he gave up his lien upon the property; that he sold the property to Carter for $1,364.00 in good faith after the expiration of the option; that the appellants were not bound to repurchase the property, and never offered to do so.

Furthermore, the fact that the liens of other materialmen were satisfied and released in the readjustment effected by the sale to Morrison brings the case within the rule announced in Tygret v. Potter, *supra,* as follows:

"The evidence of the debt had been surrendered, and there is no evidence conducing to show the land to be of greater value than that paid for it, or that the agreement was unconscionable or oppressive, but on the contrary it is manifest the appellant saw or believed he could not discharge or release the mortgage, and therefore made the best possible terms with his creditor; that was, to sell him the land, with the right to repurchase within twelve months, and if he failed to do so then to become his tenant."

The only element in this transaction that could possibly bring it within the rule that would declare it to be a mortgage and not a sale is the value of the property, and we do not think the evidence upon that point is sufficient. If there was any profit to be made, Morrison did not make it. Upon the appellants' failure to exercise the option he sold the property for $1,364.00 in good faith. He tried to sell it for a greater sum, and he thinks it was worth as much as $1,600.00 or more; but the property was in a poor neighborhood surrounded by negro houses with every possibility that it would depreciate rather than increase in value. His good faith is nowhere questioned and it is apparent that he did nothing more than recoup himself for the money he had loaned.

It is true appellants introduced eleven witnesses who testified that the property was worth from $2,100.00 to $2,500.00; but their testimony is based largely upon the cost of the dwelling and are mainly the opinions of the witnesses as to what the property ought to be worth. On the other hand the appellee's witnesses testified that the property is worth from $1,400.00 to $2,000.00. But no

one testifies that he was willing to pay more for the property than Carter paid for it, or that he knows of any one who will pay more. Carter says he got a bargain, but that he would not have bought the property situated as it is, except at a bargain.

Under all the proof we are satisfied that the transaction was what the paper plainly purports to be, a sale with the privilege in the grantor to repurchase the property within a year; and, that the circuit court properly so held. Under this view of the case it is not necessary to consider Carter's rights as purchaser.

Judgment affirmed.