### Billington v. Dunn.

(Decided December 14, 1926.)

Appeal from Lyon Circuit Court.

1. Fraudulent Conveyances—Insolvent Debtor's Gift of Automobile Held Void Under Statute, Even Though Acknowledged and Recorded (Ky. Stats., Section 1907).—Insolvent debtor's gift of automobile to his wife, even though acknowleded and recorded, held void under Ky. Stats., section 1907.

2. Fraudulent Conveyances—Statute Requiring Transfer of Personalty Between Husband and Wife to be Written, Acknowledged, and Recorded as Chattel Mortgage Held Not Complied with (Ky. Stats., Sections 501, 513, 2128).—Where debtor husband transferring automobile to wife gave her a written bill of sale, subscribed and sworn to by him, a copy of which was left with the clerk of the county court as part of his records, but not recorded nor indexed, held Ky. Stats., section 2128, requiring that a transfer of person-

alty by husband to wife, to be valid as to third persons, must be in writing, and acknowledged and recorded as chattel mortgage, was not sufficiently complied with, in view of sections 501, 513.

3.  Records—Mere Affidavit with Jurat Does Not Entitle Written Instrument to Recordation.—Mere affidavit with jurat does not authorize recordation of a written instrument.

4.  Records—Entry on Record of Unrecordable Instrument is Not Notice to Third Persons—"Constructive Notice."—Unless an instrument is a recordable one, the entry of it on the record does not constitute "constructive notice" to third persons.

5.  Acknowledgment—"Acknowledgment" Within Statute Held to Mean Formal Declaration or Admission Before Authorized Public Officer that Instrument was Declarant's Act (Ky. Stats., Section 2128).—An "acknowledgment," within Ky. Stats., section 2128, requiring transfer of personalty by husband and wife to be acknowledged and recorded, is a formal declaration or admission by husband before an authorized public officer that instrument is his act and deed.

6.  Records—An Instrument is "Recorded" when Engrossed or Copied on Proper Book, and When Keeper of Record has Entered on Book Certificate Over His Official Signature (Ky. Stats., Section 2128).—A written instrument is "recorded" within Ky. Stats., section 2128, requiring transfer of personalty by husband to wife to be in writing, and acknowledged and recorded, when it is engrossed or copied by keeper of records on proper book in his office, and when he has entered on same book a certificate over his official signature, reciting that instrument was lodged for record, and has been duly entered.

WM. HENDERSON for appellant.

HENRY F. TURNER for appellee.

Opinion of the Court by Judge Sampson—Reversing.

In May, 1922, K. C. Dunn and others executed a note for $1,242.00, to appellant, B. F. Billington, whereby they promised to pay to appellant, $1,242.00, with interest, on cr before January 1, 1923, but this note was not paid, and on February 1, 1924, Billington filed this action in the Ballard circuit court against all of the defendants, seeking to recover upon the note, and as an incident to the action, sued out a general order of attachment against the property of K. C. Dunn and the other defendants. A Ford coupe, valued at $500.00, was levied upon as the property of K. C. Dunn. His wife, appellee Bessie E. Dunn, interpleaded, claiming to be the owner of the Ford

coupe, alleging that it had been transferred to her by her husband, by bill of sale, December 29, 1923. Appellant, Billington, denied her claim. The court below found from the evidence the facts to be that on the 29th day of December, 1923, K. C. Dunn, the husband of Bessie E. Dunn, executed to appellee a bill of sale of and for the Ford coupe before Frank Owen, county court clerk, which bill of sale was a written memorandum of the transaction had between K. C. Dunn and his wife, Bessie E. Dunn, whereby K. C. Dunn transferred the title of the coupe to his wife. This bill of sale contained the motor number and was subscribed and sworn to by K. C. Dunn on that date before Frank Owens, the clerk. Later a copy of the bill of sale so signed and sworn to was left with the clerk of the county court as part of his records. Thereupon, the clerk issued an automobile license to Bessie E. Dunn as the owner of the car, and a copy of this license was kept in the records of the office of the clerk of Ballard county court. The bill of sale was not recorded nor was it indexed and the motor license was only recorded in a small book used for that purpose. On these facts the lower court held that Bessie Dunn was the owner of the car and dissolved and set aside the attachment of appellant, Billington, theretofore levied upon the Ford coupe, and from that judgment he appeals, asserting that a gift, transfer or assignment of personal property by the husband to the wife is not valid as to third persons unless the same be in writing and acknowledged and recorded as chattel mortgages are required by law to be acknowledged and recorded. Section 2128, Kentucky Statutes. As the coupe was transferred by the husband to the wife cn December 29th, after the debt was created and the note executed by the husband to appellant, Billington, on May 1, 1922, it cannot be upheld because section 1907, Kentucky Statutes, makes every gift or transfer without consideration, made by a debtor, void even though it is in writing and acknowledged and recorded as chattel mortgages are required by law to be acknowledged and recorded.

Appellee, Bessie E. Dunn, insists that all the requirements of the statute, section 2128, were substantially complied with, and the court should hold that the bill of sale which was signed by the vendor and sworn to by him and a copy left with the clerk of the county court where appellee, Bessie E. Dunn, on the same day procured a li-

cense for a passenger car covering the Ford coupe, was an acknowledgment and recordation of the bill of sale within the meaning of the statute, which says that such writing shall be acknowledged and recorded as chattel mortgages are required by law to be acknowledged and recorded. She says the affidavit and jurat attached to the bill of sale amount to an acknowledgment of the writing within the meaning of the statute, and the requirement that the writing be recorded is fulfilled by the lodging of a copy of the bill of sale properly signed and sworn to with the clerk and the making of the registration receipt on the book provided for that purpose in the county court clerk's office. The court cannot consent to this construction. On the contrary, it is of opinion that the statute must be construed in this instance as it has been construed in many others, to mean that the gift, transfer or assignment of personal property between husband and wife, in order to be valid as to third persons, must be in writing, acknowledged and recorded as chattel mortgages are required by law to be acknowledged and recorded. In order to be recorded the writing evidencing the transfer of property between husband and wife must be executed as provided in section 501, Kentucky Statutes, and recorded in the manner provided in section 513 of the statutes. A mere affidavit with jurat does not authorize the recordation of a written instrument, and unless the instrument is a recordable one the entry of·it upon the record does not constitute constructive notice to third persons. Spalding v. Paine's Admr., 81 Ky. 416; Mueller, etc. v. Engiln, etc., 12 Bush 441; Cunningham. v. Estill, etc., 24 Ky. Law Rep. 559.

An acknowledgment within the legislative meaning of that word as employed in the act, is a formal declaration or admission before an authorized public officer by a person who has executed an instrument, that such instrument is his act and deed. 1 C. J. 745. A written instrument, such as included within section 2128, Kentucky Statutes, if a recordable instrument, is recorded within the meaning of that act when it is engrossed or copied by the keeper of the records upon the proper book in his office, provided for and designated as a book upon which deeds, mortgages or transfers are to be recorded, and he enters upon the same book a certificate, over his proper official signature, reciting the fact that the instrument

was lodged for record and has been, with the certificate thereto attached, duly entered upon the page above and immediately preceding. Unless the instrument is a recordable one and is lodged with the clerk of the county court for record and is by that official, or one of his deputies, duly entered of record by copying the same upon a book prepared for that purpose, and so certified, it is not recorded within the meaning of section 2128, Kentucky Statutes, and does not give constructive notice to third persons. Examined in the light of these rules the bill of sale which K. C. Dunn made to his wife was not a recordable instrument within the meaning of the statutes, and not being so the entry of it upon that record, had it been recorded in a mortgage or deed book, would not have given constructive notice of the transfer of the Ford coupe nor would it have amounted to an acknowledgment and recordation of the instrument within the meaning of section 2128, Kentucky Statutes. The words "acknowledged" and "recorded," as employed in section 2128, Kentuckky Statutes, have reference to an acknowledgment as a deed is acknowledged in the legal sense as indicated above, and that the instrument so acknowledged was duly recorded by being spread upon the proper book by an authorized official in the office of the clerk of the county court.

There is another good reason why appellee, Bessie E. Dunn, cannot prevail in this case. Section 1907, Kentucky Statutes, provides "that every gift, conveyance, assignment, transfer or charge made by a debtor, of or upon any of his estate, without valuable consideration therefor, shall be void as to all of his then existing liabilities. The fact seems to be that K. C. Dunn was insolvent and owed the debt in question at the time he undertook to transfer the Ford coupe by gift. These facts bring it clearly within section 1907 of the statutes, and the transfer was, therefore, void as to appellant, Billington, and all other creditors.

As the trial court adjudged Mrs. Dunn entitled to the Ford coupe, its judgment must be reversed and the cause remanded for proceedings consistent herewith.

Judgment reversed.