## Motch's Administrator v. Glenn et al.

(Decided Nov. 9, 1933.)

A. L. INSKEEP for appellant.

JAMES R. McGARRY for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

John P. Glenn was indebted to M. C. Motch for rent accruing between September 1, 1928, and December 1, 1928. In the Kenton circuit court he recovered a judgment therefor against Glenn of $445.96, with interest at 6 per cent. per annum from December 15, 1928, until paid, and costs. An execution was issued on it and returned nulla bona. This action was instituted to collect the judgment as provided by section 439, Civil Code of Practice, by the administrator of his estate, in which it was charged that Glenn on November 16, 1928, was the owner of a grocery and meat market, and also a certain lot located at Covington, and that without consideration, with the intent to cheat and defraud the estate of M. C. Motch and prevent it from collecting its debt against him, he had transferred the grocery and meat market to his wife, Margaret Glenn, and that he and his wife by deed conveyed the lot to Elizabeth Buckhold without consideration with like intent. The lot was described in the petition.

The defendants filed separate answers. The answers of John P. Glenn and Margaret Glenn traversed the petition. That of Elizabeth Buckhold, without traversing it, merely alleged that she was, at the time of the filing of her answer, and at all times mentioned in the petition, the owner of the lot described in it, and that it was on November 16, 1928, conveyed by them to her. The practice and procedure herein are unusual. The petition is titled as an ordinary action. The evidence was heard, and the issues were determined by a jury. The court on the issue as to the lot peremptorily instructed the jury; the issues as to the grocery and meat market were under instructions submitted to the jury; and it returned a verdict in favor of the Glenns.

Section 439, supra, provides that, after the return of an execution by the proper officer, "No property found," the plaintiff in the execution may institute an equitable action for the recovery of any money, choses in action, equitable or legal interest, and all other property to which defendant is entitled, and for subjecting the same to the satisfaction of the judgment.

Section 1907a, Ky. Stats., authorizes any person aggrieved, when any real property has been fraudulently conveyed, transferred, or mortgaged, to file a petition in equity against the parties to such transfer, conveyance, or mortgage, and describe it, and, when

done, a lis pendens shall be created upon the property so described, and that the suit shall progress and be determined as other suits in equity. Rice v. Kelly, 226 Ky. 347, 10 S. W. (2d) 1112; Wooldridge v. Wooldridge, 229 Ky. 406, 17 S. W. (2d) 220.

It is not doubtful under the provisions of this section of the Code, and also the statute that Motch's action should have been brought in equity, placed on the equity docket, and tried by the court without the intervention of a jury.

The testimony of Elizabeth Buckhold and Margaret Glenn, and the deputy county clerk, establishes beyond doubt that the title to the lot described in the petition was in John P. Glenn and Margaret Glenn; that they executed a deed to Buckhold to secure her in the payment of $3,050, and that at the time of the trial the balance due on the loan was $2,400. Buckhold and Margaret Glenn admitted in their testimony that the deed was intended only to secure the loan of $3,050.

It is a generally established rule that a deed absolute on its face may be shown by parol testimony to have been intended by the parties as a mortgage, and, contrary to the general rule, this may be shown without allegation or proof of fraud, accident, or mistake. Hobbs v. Rowland, 136 Ky. 197, 123 S. W. 1185, L. R. A. 1916B, 1; Castillo v. McBeath, 162 Ky. 385, 172 S. W. 669; Carr v. Morrison, 178 Ky. 683, 199 S. W. 783.

It being admitted that the deed was intended by the parties as security for the payment of a loan of $3,050, that the Glenns were in fact the owners of the lot notwithstanding the execution of the deed to Buckhold, therefore the estate of Motch on this showing was entitled to have the deed to Buckhold declared a mortgage, and to subject the interest of John P. Glenn in the lot described in it and the petition to the lien thereby created under section 1907a.

The court gave to the jury a peremptory instruction directing it to find for the Glenns and Buckhold as to the lot. Indeed, at that time, according to the testimony of Mrs. Glenn, Elizabeth Buckhold, and the deputy county court clerk, Motch's estate was entitled to a peremptory instruction as to the lot, and also as to the grocery and meat market. The record of the county clerk's office as presented to the jury shows that John

P. Glenn in December, 1926, executed a mortgage to the Toledo Scales Company and the Stein Manufacturing Company on certain fixtures. Mrs. Glenn in her testimony states that the mortgage to the Dayton Cash Register Company was executed by her husband for a cash register used by him in a bakery which he operated previous to his engaging in the grocery and meat market business. She admitted, however, that she was present when her husband executed the mortgage to the Toledo Scales Company for the price of the scales, and to the Stein Manufacturing Company for the purchase of a meat grinder and coffee machine, both of which were used by Glenn in the grocery and meat market. She claims that when her husband entered the bakery business, she loaned him $1,500, and, when he sold his interest in it, he received $1,500 therefor; that it was invested in the grocery and meat market, but, when she approached Elizabeth Buckhold to loan her the $3,050, she demanded that she acquire in her own right the title to the grocery and meat market, and that for this reason her husband transferred them to her on the 16th day of November, 1928. In January, 1927, Glenn began to engage in the grocery and meat market business under the name of "Neighborhood Grocery, Meat Market, Delicatessen," but had thereafter executed the mortgages in his name.

Section 1907, Ky. Stats., provides:

"Every gift, conveyance, assignment, transfer or charge made by a debtor, of or upon any of his estate, without valuable consideration therefor, shall be void as to all his then existing liabilities."

John P. Glenn, at the time it is asserted that he transferred the grocery and meat market to his wife, was insolvent after completing the transfer of the same to his wife and conveying to Buckhold his interest in the lot. The wife having loaned her husband, as she claims, $1,500 to engage in the bakery business, relying on his promise to pay her, and having acquiesced in his investing the same in a bakery, selling it and then investing the proceeds in a grocery and meat market and fixtures, and permitting him to mortgage the fixtures and otherwise hold himself out as the owner of same, her equities are inferior to those of her husband's creditors, including Motch's estate. In equity the grocery, meat market, and fixtures are first liable, and must

be subjected, to the payment of his debts. Clay v. Trimble, 16 S. W. 83, 13 Ky. Law Rep. 61.

The rule would be contrary if Glenn in good faith believed his estate was solvent and in pursuance to an agreement, made with his wife at the time he borrowed the money, to sell the property to her in the settlement of her debt, except for section 2128, Ky. Stats. Taylor v. Cooley, 49 S. W. 335, 20 Ky. Law Rep. 1365.

Section 2128 declares:

"A gift, transfer or assignment of personal property between husband and wife shall not be valid as to third persons, unless the same be in writing, and acknowledged and recorded as chattel mortgages are required by law to be acknowledged and recorded; but the recording of any such writing shall not make valid any such gift, transfer or assignment which is fraudulent or voidable as to creditors or purchasers."

It is not claimed by Glenn or his wife that the transfer of the grocery and meat market by him to her was acknowledged and recorded. This fact brings the case within section 2128, and therefore the transfer by Glenn to his wife of the grocery and meat market was invalid and unenforceable as against the claim of Motch's estate. The trial court erred in instructing the jury to the contrary. Billington v. Dunn, 217 Ky. 164, 289 S. W. 213.

On a return of the case, a judgment will be entered declaring the transfer of the grocery store and meat market invalid as to the debt of Motch's estate, and also the deed to Buckhold a mortgage, and, after the balance of her debt shall have been paid, that Motch's estate has a lien on one-half interest therein, and, if necessary, the same and the grocery and meat market be sold to satisfy its debt.

Motion for appeal sustained, appeal granted, and judgment reversed for proceedings consistent with this opinion.