### Gish et al. v. Terrell et al.
(Decided Dec. 4, 1936.)

L. B. ALEXANDER for appellants.

ALBERT KARNES for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

Ida M. Gish, and her brother and grantee, Harry A. Gish, have appealed from a judgment declaring and adjudging the appellees to be the owners of a certain 19 acres of land in Paducah, Ky., described in a deed from Ida M. Gish to Harry A. Gish now of record in McCracken county court in Deed Book 176, page 344.

### Facts Involved.

In 1894 Ida M. Gish, then 18, came to live with Ed. C. Terrell, who was then 36. She then was, or soon became, his mistress and continued to live with him as such until June 12, 1932, when he died.

On March 1, 1924, Ed. C. Terrell executed to Ida M. Gish three notes all of that date and all due March

1, 1925. Two of these were for $1,200 each and the other was for $1,240, all bore interest from date and, on the day Ed. C. Terrell died, amounted with interest to $5,374.

On November 24, 1926, Ed. C. Terrell had a paper prepared, which is in form a deed, in which for "one dollar cash for which receipt is acknowledged and other valuable considerations," he conveyed to Ida M. Gish 19 acres of land in Paducah, Ky.

On November 30, 1926, Ed. C. Terrell acknowledged this deed before a deputy clerk and on that same day it was recorded in the office of the clerk of the McCracken county court in Deed Book 154, page 466.

Ed. C. Terrell continued to list this 19 acres for taxation as long as he lived. He paid the taxes upon it, planted an orchard upon it, and got and sold the fruit produced. Ida M. Gish never listed this property for taxation, though she owned other real estate she did list, nor did she claim the fruit grown, not even that which matured shortly after Ed. C. Terrell's death. Eight days after Ed. C. Terrell died, Ida M. Gish, for a consideration of $1, conveyed her real estate and this 19 acres to her brother and coappellant, Harry A. Gish, who previous to that had owned no real estate.

Ed. C. Terrell died intestate, and without issue. His parents were dead, and his nearest surviving collateral kindred were his two brothers, Fletcher Terrell and R. G. Terrell, and Mrs. Sidney Hazelip, the only child of a deceased brother, A. S. Terrell, and these three were his only heirs at law.

April 21, 1933, Fletcher Terrell, R. G. Terrell, and Mrs. Sidney Hazelip filed the present *suit in equity* to have the paper of November 24, 1926, declared a mortgage and to have been given, as they alleged, to secure the payment of the three notes, $1200, $1200, and $1240, set out above. They allege the administrator of Ed. C. Terrell has paid these notes to Ida M. Gish and that they are entitled to a reconveyance of the 19 acres which had been conveyed to her (as they allege) to secure their payment.

### The Sole Question

There is but one question presented and that is, "Was the paper dated November 24, 1926 given to se-

426

cure the payment of the three notes dated March 1, 1924?" If the answer to that question be "Yes," the judgment is correct, but if the answer to that question be "No," the judgment is erroneous.

### Our Conclusion

The paper in question is in form a simple deed of general warranty conveying this property to Ida M. Gish and her heirs and assigns forever.

The three notes had been executed to her two years, eight months and twenty-three days previously, and nowhere in the paper in question is there the slightest mention of or reference to them.

The testimony regarding the execution of this paper is rather meager. Fletcher Terrell testifies he wrote this paper on November 24, 1926, at the instance of his brother Ed. C. Terrell, at Ed. C. Terrell's home, and in his presence and in the presence of Ida M. Gish; that Ed. C. Terrell told him he was conveying this land to Ida M. Gish to secure the payment of the three notes dated March 1, 1924, and she was to deed it back to him when he paid the notes; that she agreed to this arrangement; and that, when he had finished writing it, he left the paper with Ed. C. Terrell.

He accounts for the writing of a deed rather than a mortgage by saying he had a blank deed at hand and did not have a blank mortgage. He does not say he did not know how to insert in this paper a provision for defeasance, or that he did not know the difference between a deed and a mortgage, nor does he offer any explanation of the failure to insert in this paper any reference to the three notes of March 1, 1924.

On November 30, 1926, Ed. C. Terrell acknowledged this deed before Sarah Miller, a deputy for John W. Polk, the clerk of the McCracken county court, and it was then lodged for record and recorded in that office. All this is covered by one certificate.

Ida M. Gish testified she was not present on November 24, 1926, when this paper was written; that she knew nothing of it or its provisions until Ed. C. Terrell gave it to her after it had been recorded; and that she had never agreed to reconvey this 19 acres upon the payment to her of the three notes of March 1, 1924, or

that the conveyance of this 19 acres to her was in any manner connected with those three notes.

Ida M. Gish and Harry A. Gish filed exceptions to· the testimony of Fletcher Terrell and appellees filed exceptions to her testimony. Fletcher Terrell was testifying for himself concerning transactions with a man now dead, and Ida M. Gish was testifying for herself concerning such transactions. See section 606, Civil Code of Practice. Fletcher Terrell was competent as a witness to show what she agreed to, but she denied being present. There was no other testimony on this point.

"A mortgage is simply a deed containing a clause of defeasance and no particular form of defeasance is required." Talley v. Eastland, 259 Ky. 241, 82 S. W. (2d) 368, 371; 41 C. J. p. 317, secs. 68, 69, 70, and 71.

In most states defeasance may be shown by parol evidence. 41 C. J. 328, sec. 94. That may be done in this state. See Motch's Adm'r v. Glenn, 251 Ky. 235, 64 S. W. (2d) 900; Wade v. McGinnis, 247 Ky. 261, 56 S. W. (2d) 1000; and cases listed in Vol. 14 West's Kentucky Digest, Mortgages.

We feel that this which is copied from the opinion in Stokeley v. Flanders (Ky.) 128 S. W. 608, 609, is quite apropos:

"There is nothing on the face of the deed to show that it was intended as a mortgage. A deed absolute on its face will not be adjudged a mortgage in the absence of clear and satisfactory proof showing this."

In Oberdorfer v. White, **78 S. W. 436**, 437, 25 Ky. Law Rep. 1629, we wrote:

"The presumption, of course, arises that the instrument is what it purports on its face to be—an absolute conveyance of the land. To overcome this presumption, and to establish its character as a mortgage, the cases agree that the evidence must be clear, unequivocal, and convincing."

To same effect is Runyon's Adm'r v. Pogue, 42 S. W. 910, 19 Ky. Law Rep. 940, and 41 C. J. p. 356, sec. 124, and notes on pp. 357 and 359.

428

Certainly the paper as written is a deed. That clearly appears from the paper itself. In answering question presented, we must ascertain the intention of Ed. C. Terrell when he executed this paper, and the best evidence of his intention is what was so solemnly written there.

Even a writing as plain and solemn as this one may be overcome by clear and convincing evidence that something else was intended, but, from the evidence we have, the conclusion is inescapable that "No" is the proper answer to the question: Was this paper executed to secure the three notes of March 1, 1924? There is not enough evidence here to sustain the trial court's finding, that a mortgage was intended and not a deed.

Therefore it is ordered that the judgment be reversed and the petition be dismissed.