## Coleman v. Coleman et ux.

November 18, 1947.

R. Monroe Fields, Judge.

P. B. Stratton and P. K. Damron for appellant.

Sidney Trivette and Francis M. Burke for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This action was instituted by H. E. Coleman and his wife, Margaret Coleman, to have an unacknowledged deed executed by them to John Coleman in 1942 declared a mortgage rather than a deed. The appeal is from a judgment in favor of the appellees.

A brief review of the facts leading up to the execution of the instrument in question will enable a better understanding of the case. In 1940, the father of H. E. Coleman, who was heavily involved financially, was killed in an automobile accident. H. E. Coleman qualified as administrator and it was necessary to sell his father's lands to settle his estate. The administrator purchased the land in his own name and secured a loan

in the amount of $3600.00 from the appellant, who had been a friend of his father's, to finance the purchase. On September 2, 1940, $2500.00 of this loan was satisfied by the conveyance to the appellant of a part of the land. On the same day the appellant made a loan of $1100.00 to the appellees, which was secured by a mortgage on the land involved herein. It is shown that at the time of this transaction H. E. Coleman was in poor health, as was his young daughter, who died in March, 1942. In addition to being afflicted with sickness, the appellees were financially embarrassed. On January 26, 1942, they were in default on the $1100.00 loan, as well as some interest. The appellant admitted that he was pressing the appellees for the interest, but denied that he was pressing them on the principal. There is conflict in the testimony relative to the immediate circumstances surrounding the execution of the deed, but it is undisputed that H. E. Coleman was ill at the time of its execution.

The appellant's position is that he bought the land and paid the appellees $300.00 in addition to the loan, and that it was not until some two years later that he learned that the deed, which he had had recorded, was not acknowledged. The appellees said that the appellant was pressing them for the payment of the loan, but agreed to let them have $300.00 additional if they would execute a deed to him to the property which he could hold as additional security, and that he told them he did not want the land because he was already "land poor." There is also testimony for the appellees to the effect that the appellant told other parties he did not want the land and would let the appellees have it back whenever the loan was paid; and, further, that his purpose in taking the deed was to give him additional security and to avoid the foreclosure of the mortgage in the event of H. E. Coleman's death before the loan was paid. A brother and sister of H. E. Coleman admitted they had attempted to purchase the land, which was their old home place, from the appellant, but said they did so only after he had refused to let H. E. Coleman have it back. A brother of H. E. Coleman furnished the money to satisfy the indebtedness when it was paid into court at the time of the filing of this action. The appellant took possession of the land and paid the

taxes on it. This he contends shows that it was an outright purchase rather than a loan. On the other hand, the appellees testified that the land was turned over to the appellant in order that he could have full control of it until the satisfaction of the loan. The $1100.00 mortgage was never released and the appellant retained possession of that note. This suit was filed after the appellant refused to permit the appellees to redeem the land.

It is well settled in this jurisdiction that parol evidence may be introduced to establish that a deed absolute on its face was intended by the parties to be a mortgage without an allegation of fraud or mistake. Castillo v. McBeath, 162 Ky. 382, 172 S. W. 669; Motch's Adm'r v. Glenn, 251 Ky. 235, 64 S. W. 2d 900; Frazier v. Frazier, 282 Ky. 405, 138 S. W. 2d 506. In cases such as this the circumstances surrounding the parties at the time of the execution of the instrument must be carefully scrutinized. If there is doubt as to whether the transaction was a deed or mortgage, the doubt will be resolved in favor of the borrower rather than the lender. Talley v. Eastland, 259 Ky. 241, 82 S. W. 2d 368.

Here we find a situation where the parties who executed the deed were sorely pressed for money; one of them being in ill health. At the same time their child was suffering from a fatal illness. The appellant was a close friend of H. E. Coleman's father, and we have noted also the financial transactions between these parties. We think it is significant also that the $1100.00 mortgage was not released, nor was the note surrendered when the deed was executed. There is some claim that improvements were placed upon the land by the appellant, but the amount of them was shown to be inconsequential.

While some of the facts and circumstances heretofore related favor the position of the appellant, we think the proof overwhelmingly supports the ruling of the chancellor in favor of the appellees.

Judgment affirmed.