Anna Belle HACKWORTH, Appellant,

v.

Viola FLINCHUM et al., Appellees.

Court of Appeals of Kentucky.

Oct. 29, 1971.

Rehearing Denied Feb. 4, 1972.

Eugene Watson, Irvine, for appellant.

Hunter M. Shumate, Shumate, Shumate & Flaherty, Billy L. Wilson, Irvine, for appellees.

VANCE, Commissioner.

The purported renunciation of the will of James M. Hackworth by his widow was adjudged to be void and of no effect because the purported renunciation was not acknowledged as required by statute. The appellant's claim for "a forced share" in the estate of her deceased husband and her claim for damages for fraud against the executrix, the attorney and the surety company for the estate was dismissed. She appeals.

The appellant, Anna Belle Hackworth, was the second wife of the decedent, James M. Hackworth. Mr. Hackworth had nine children, all by a previous wife, and his will provided that his children and the appellant should each have a one-tenth share in his estate. His estate consisted of both real and personal property.

Within twelve months after the probate of his will, the appellant executed a purported renunciation of the will in the pres-

ence of the county court clerk in the county in which the will was probated and the purported renunciation was recorded. It was in words and figures as follows:

"ESTILL COUNTY COURT"

"IN THE MATTER OF J. M. HACKWORTH, Deceased

"RENUNCIATION OF WILL

"I, Anna B. Hackworth, surviving widow of J. M. Hackworth, deceased, who died testate on the 13th day of December, 1966, and whose will is lodged for record in Will Book F, at page 579, in the office of the Clerk of the Estill County Court, being first duly sworn, do hereby renounce, pursuant to the provisions of KRS 392.080, said Will of the said J. M. Hackworth deceased, and all provisions thereof.

"IN TESTIMONY WHEREOF, Witness my hand this 17 day of October, 1967.

s/s "Anna B. Hackworth

"Subscribed and sworn to before me by Anna B. Hackworth, this 17 day of October, 1967.

s/s "Mildred W. Cobb
"Mildred W. Cobb
"Clerk, Estill County Court

s/s "Odell Watson,
"Judge Estill County Court

"This Instrument prepared by

"Coy and Coy,
Attorneys at Law
Richmond, Kentucky

"By Charles R. Coy

"STATE OF KENTUCKY ⎫
"COUNTY OF ESTILL   ⎭

"I, Mildred W. Cobb, Clerk of the Estill County Court do hereby certify that the foregoing is a true and correct copy of an order as appears of record in my office.

"This 3rd day of October, 1968.

s/s "Mildred W. Cobb

"CLERK, ESTILL COUNTY COURT"

KRS 392.080(1) providing for the renunciation of wills is as follows:

"(1) When a husband or wife dies testate, the surviving spouse may, though under full age, release what is given to him or her by will, if any, and receive his or her share under KRS 392.020 as if no will had been made, except that in such case the share in any real estate of which the decedent or anyone for the use of the decedent was seized of an estate in fee simple at the time of death shall be only an estate for the surviving spouse's life in one-third of such real estate. *Such relinquishment shall be made within twelve months after the probate, and acknowledged before and left for record with the clerk of the court where probate was made, or acknowledged before a subscribing witness and proved before and left with the clerk.* If, within those twelve months, an appeal is taken from the judgment probating the will, the surviving spouse need not make such relinquishment until within the twelve months succeeding the time when the appeal is disposed of." (Emphasis ours).

This statute requires little in the way of formality. No particular form of acknowledgment is designated or required by the statute. There is no specific requirement that the renunciation be signed by the person seeking to renounce the will and only by implication is it required to be in writing. A written instrument is implied by the requirement that it be left for record with the county clerk.

Under the statute a renunciation of a will is valid if made within twelve months of the probate of the will and (1) ac-

knowledged before and left for record with the clerk of the court where probate was made, or (2) acknowledged before a subscribing witness and proved before and left with the clerk.

The only issue in this case concerning the renunciation is whether or not it was properly acknowledged before the clerk. Admittedly, it was left for record and recorded.

The document does not contain any certificate that Mrs. Hackworth appeared before the clerk and *personally acknowledged the instrument to be her voluntary act and deed for all purposes contained therein,* a form of acknowledgment customarily used with deeds of conveyance and other instruments requiring formal acknowledgment. Nothing in the language of the statute requires the acknowledgment to be in such form unless we are to hold the word acknowledgment itself is a word of art and by definition requires such formality.

An acknowledgment is defined in Ballentine's Law Dictionary, Third Edition, as follows:

"An admission, confirmation, concession, or recognition of the existence of a fact. An authentication of an instrument or writing by a declaration or statement under oath by the person whose name appears as a signer that he executed the instrument or writing; also the certificate of the officer who administered the oath under which such declaration or statement was made. * * *."

We said in Miller v. Keown, 176 Ky. 117, 195 S.W. 430 (1917) that the purpose of the acknowledgment is to furnish official proof that the renunciation has been duly executed.

In 1 Am.Jur.2d, Acknowledgments, Section 40, page 475, the following language is found:

"In the absence of a mandatory statute substantial rather than literal compliance with the form or requirements laid down in the statute is all that is essential to the validity of a certificate of acknowledgment. This is said to be true even though the statute prescribes that acknowledgments 'must' be substantially in the form prescribed. The general policy of the law is to construe certificates of acknowledgment liberally and to uphold them if they are in substantial compliance with the statutory requirements as to form and content, even though they may fall short of literal conformity thereto, or contain clerical errors, or be otherwise subject to merely technical objections. Although words not in the statute are used in place of others, or words of a statute are omitted, if the meaning of the words used is the same or they represent the same facts, or if the omission of a word or words is immaterial or can be supplied by reasonable construction of the whole instrument, the acknowledgment will be sufficient..

"In determining the sufficiency of a certificate of acknowledgment, technical rules of construction should not be applied, inasmuch as the legislatures have conferred authority to execute acknowledgments on persons unlearned in the law. It is a settled policy of the courts to sustain certificates of acknowledgment whenever it is possible to do so, and the tendency toward liberality in the construction of certificates is especially strong where the statute either prescribes no form, or merely sanctions the use of a particular form, without making it mandatory. The wording of the certificate is not material. It need not follow the form or language prescribed by the statute, words of import and signification equivalent to those specified being deemed sufficient. Statutory provisions that are directory merely need not be observed."

Mrs. Hackworth subscribed her name to the renunciation of the will in the presence of the county court clerk of Estill County and swore to the contents of the document under oath. She left it for record and it was recorded. No statutory requirement of an acknowledgment as a prerequisite for recording the instrument has been cited to us.

■■■ Where an acknowledgment is essential to the validity of a document, but the word acknowledgment is not defined and no particular form of acknowledgment is required by the statute, it would seem to this court that a subscription of the signature to the document in the presence of the proper official under oath is a sufficient proof of due execution of the document and would constitute substantial compliance with the statute. We think this is especially true where the statute has relaxed the standards of formality to the extent that a signature to the instrument of renunciation is not expressly required.

The appellee relies upon the cases of Billington v. Dunn, 217 Ky. 164, 289 S.W. 213 (1926) and Falls Branch Coal Co. v. Proctor Coal Co., 203 Ky. 307, 262 S.W. 300, 37 A.L.R. 1172 (1924).

In *Billington* we held that the signing of a bill of sale of an automobile under oath before the county court clerk was not a sufficient acknowledgment to entitle the instrument to record and would not pass title to a wife to defeat claims of creditors.

In *Falls Branch Coal Company* we held that a deed containing a simple jurat that it was subscribed and sworn to before a notary public was not an acknowledgment within the meaning of the statute which required deeds of conveyance to be acknowledged before admission to record. The decisions in these two cases do not give us the benefit of a rationale and as a matter of fact the validity of the acknowledgment was not dispositive of either case.

In *Falls Branch Coal Company* the court contented itself with a statement that the jurat was clearly insufficient to entitle the deed to registration but went on to hold that without a certificate of acknowledgment, defective or otherwise, the deed was sufficient to pass title as between the parties. The language in the opinion that a jurat was insufficient as an acknowledgment was surplusage.

In *Billington* the court held that a jurat executed before a county court clerk was insufficient acknowledgement. But the decision in the case was rested upon another statute which provided that transfers of property by a debtor of any of his estate without consideration should be void as to all of his then existing liabilities.

Thus while we have held in the case of deeds and bills of sale that a jurat is not a sufficient acknowledgment to entitle the instrument to record, the decisions so holding have advanced no reason or logic to support the holdings.

It may well be that the acknowledgment of deeds of conveyance should require greater formality because of the historical development of the law pertaining to the rights of married women and the necessity for them to personally acknowledge the execution of an instrument of conveyance. But we see no need to impose super-technical requirements of form of acknowledgment in other cases where the legislature has not done so. We hold that the statute requiring the acknowledgment of a renunciation of a will before the clerk was substantially complied with in this case.

■■■ The appellant also contended in her complaint that the executrix and her attorney had knowledge of the execution of the renunciation before the final settlement of the estate was made and that they were guilty of fraud in procuring the approval of the county judge to a settlement known by them to be false. The trial court made a finding that no fraud occurred and dismissed the claim. There is no direct evidence that either the executrix or her attorney knew that a renunciation of the will had been executed at the time final settle-

ment was made and approved. The circumstantial evidence in support of appellant's claim is far from convincing. Under conflicting evidence, the trial judge is the finder of fact and we cannot interfere with his findings unless they are clearly erroneous. Such was not the case here and the claim for damages by reason of fraud was properly dismissed.

That part of the judgment which dismissed appellant's claim for damages by reason of fraud is affirmed. That part of the judgment which held that appellant's purported renunciation of the will to be void is reversed with directions that this matter be remanded for additional proceedings in conformity herewith.

All concur.