**William R. BAGBY, Appellant,**

v.

**Elizabeth B. KOCH, Executrix of the Last Will and Testament of Elizabeth H. Bagby; Mrs. E. Bruce (Tonya Buzzi) Haertl; Lucy Ann Buzzi Gunn; Charles Chase Koch; Elizabeth Robinson Koch; Kim Gardner; Cindy Gardner Traylor; Tony Gardner; Tony Haertl; Brett Haertl; Bruce Haertl; Michael Haertl; and Mary Elizabeth Buzzi, Appellees.**

No. 2001–CA–001544–MR.

Court of Appeals of Kentucky.

Sept. 6, 2002.

Discretionary Review Denied
March 12, 2003.

T. Bruce Simpson, Jr., Lexington, KY, for appellant.

John M. Famularo, Stites & Harbison, PLLC, J. David Porter, James C. Worthington, Lexington, KY, for appellees.

Before BUCKINGHAM, HUDDLESTON and JOHNSON, Judges.

*OPINION*

HUDDLESTON, Judge.

William Bagby appeals from an order dismissing his claim arising from the at-

tempted renunciation of his late wife Elizabeth Bagby's will and his claim for compensation from her estate for providing personal care and managing her affairs. Because we agree with the circuit court that William's lack of compliance with Kentucky Revised Statutes (KRS) 392.080 invalidates his attempted renunciation of his late wife's will, we need not reach his argument regarding whether or not he and his late wife effectively revoked their prenuptial agreement. We also affirm the dismissal of William's claim for services rendered to his late wife, albeit for a reason other than that relied on by the circuit court.

William and Elizabeth Bagby were married in November 1975. Before they married, they entered into a prenuptial agreement. Elizabeth died on June 14, 1999. Her will, executed in February 1987, was admitted to probate on August 12, 1999. In keeping with the couple's prenuptial agreement, Elizabeth's will left William a limited amount of property.

In January 2000, William, who is an attorney, filed a document entitled "Presentation of Claim" with the Probate Division of Fayette District Court in which he sought to renounce his late wife's will and take his statutory share of her estate. On March 20, 2000, Elizabeth Koch, executrix of Elizabeth's will, denied William's claim. On May 14, 2001, William filed this action against the executrix in Fayette Circuit Court. The executrix moved to dismiss William's complaint for failure to state a claim upon which relief can be granted.[1] Following a hearing, the motion was granted and William appealed to this Court.

When a party [the executrix of Elizabeth's will in this case] moves to dismiss a claim under Kentucky Rules of Civil Procedure (CR) 12.02(f), "[t]he [circuit] court should not grant the motion unless it appears the pleading party [William] would not be entitled to relief under any set of facts which could be proved in support of his claim."[2] In reaching its decision, the circuit court is not required to make any factual determination; rather, the question is purely a matter of law. Stated another way, the court must ask if the facts alleged in the complaint can be proved, would the plaintiff [William] be entitled to relief?

KRS 392.080, which governs renunciation of a former spouse's will, prescribes the procedure to be followed:

Such relinquishment shall be made within six (6) months after the probate, and acknowledged before and left for record with the county clerk or his authorized deputy in the county where probate was made, or acknowledged before a subscribing witness and proved before and left with the county clerk or his authorized deputy.

William did not file a copy of his attempted renunciation with the Fayette County Clerk; instead, he filed it with the Probate Division of Fayette District Court. He argues that such filing amounted to substantial compliance with the statutory requirement and that he should, therefore, be allowed to renounce his former wife's will and claim his statutory share of her estate. In support of his argument, William cites *Hackworth v. Flinchum*,[3] which, he argues, stands for the proposition that substantial compliance with KRS 392.080 is all that is required. While William is correct that *Hackworth* authorizes substantial compliance, there has been no compliance with KRS 392.080 in this case.

In *Hackworth*, the only issue before Kentucky's highest court was whether a

1. *See* Ky. R. Civ. P. (CR) 12.02(f).

2. *Pari–Mutuel Clerks' Union v. Kentucky Jockey Club*, Ky., 551 S.W.2d 801, 803 (1977).

3. Ky., 475 S.W.2d 140 (1971).

former spouse's attempted renunciation was properly acknowledged before the county clerk.[4] In seeking to renounce her late husband's will, Hackworth "executed a purported renunciation of the will in the presence of the county court clerk in the county in which the will was probated and the purported renunciation was recorded."[5] However, the tendered document did not "contain any certificate that Mrs. Hackworth appeared before the clerk and personally acknowledged the instrument to be her voluntary act and deed for all purposes contained therein, a form of acknowledgment customarily used with deeds of conveyance and other instruments requiring formal acknowledgment...."[6]

The Court held that such rigid formalities are not contemplated by the statute, given that the purpose of the acknowledgment was to offer official proof that the renunciation had been duly executed.[7] Beyond such a requirement, KRS 392.080 requires little in the way of formality.[8] Because Hackworth's purported renunciation was signed, witnessed, notarized and recorded by the county clerk, she substantially complied with the statute and thus effectively renounced her late husband's will despite not having executed the type of formal acknowledgment required of, for example, a deed of conveyance.

When determining legislative intent, courts must refer to the language of the statute rather than speculate as to what may have been intended but was not expressed.[9] In other words, courts "may not interpret a statute at variance with its stated language."[10] In the instant case, William has not complied with the statute,

substantially or otherwise. KRS 392.080 requires a filing with the *county clerk*, which William has not done. While the renunciation in *Hackworth* may not have been executed with the utmost formality, it was properly filed. William has failed to undertake any required action. While the *Hackworth* court was comfortable in finding substantial compliance, the circuit court correctly refused to do so in this case. William's failure to file any document with the county clerk renders his purported renunciation ineffective.

Had William successfully renounced his late wife's will, we would be faced with the question of whether the parties' prenuptial agreement was validly revoked, or if not, whether it applied to certain property. However, that would only matter if, in the absence of a will, the division of Elizabeth's estate were undertaken pursuant to the intestacy statute. Because William's attempted renunciation of Elizabeth's will was ineffective, Elizabeth's will remains in effect and controls the distribution of her estate. Therefore, we need not reach issues regarding the parties' prenuptial agreement or the application of the intestacy statute to Elizabeth's estate.

■ William's final argument is that he is entitled to pursue a claim for compensation for the personal care he offered Elizabeth, as well as his management of her financial affairs. While the trial court dismissed this action as untimely presented under KRS 396.011(1) and KRS 396.035, we need not reach that analysis. Under Kentucky law, a spouse is entitled to receive the services, assistance, aid, society, companionship and conjugal relationship of

---

4. *Id.* at 142.

5. *Id.* at 140–41.

6. *Id.* at 142 (emphasis original).

7. *Id.*

8. *Id.* at 141.

9. *Commonwealth v. Allen*, Ky., 980 S.W.2d 278, 280 (1998).

10. *Id.* (citation omitted).

his or her spouse.[11] In fact, we recognize a cause of action against third parties who interfere with this spousal right.[12] Given that a spouse has the right to expect the services, assistance and aid of his or her spouse, it is axiomatic that such services come free of any obligation for monetary compensation to the providing spouse.

The circuit court was correct in dismissing William's action against the executrix of his late wife's will. His attempt at renunciation of Elizabeth's will was inadequate under the relevant statute, and his claim for compensation for services provided to his wife is not one for which relief may be granted. Accordingly, the order dismissing William's complaint is affirmed.

ALL CONCUR.

---

11. *See* KRS 411.145(1).

12. *See* KRS 411.145(2).